Blood *v.* Morrill et al.

---

⚫⚫⚫

## HARRIET BLOOD *v.* LEWIS MORRILL AND ALVIN FLINT.

A recognizance, taken by a judge of the county court in vacation, for the due appearance &c. of one who has been committed by a magistrate upon a warrant issued in a case for bastardy, becomes itself, upon being returned and filed in the county court, a part of the record, and is not required to be enrolled by the clerk.

In an action upon such recognizance, in which it is averred in the declaration that the recognizance was recorded in the county court and profert is made of the record, the proper proof, on the plea of *nul tiel record,* if the suit is in the same court, is an inspection of the original recognizance.

In order to exonerate the bail, in such case, from his liability for his principal, there must have been an actual surrender of the principal into the custody of the officers of the court, and this must be evidenced by an *exoneretur* entered upon the record. It is not sufficient that the principal, at the term of the county court to which the proceedings are made returnable, enters an appearance in the action by attorney, and himself attends court, prepared for a trial.

In a declaration upon such recognizance, an averment, that the court, on default, taxed the costs in the original action at a certain sum named, is not considered as a *descriptive averment,* but only as an *averment of a fact;* and if, on the production of the record, it does not appear that the court taxed the costs, it is no ground for objection, upon the plea of *nul tiel record.*

That a complaint for bastardy concludes with praying that the defendant may be made to answer, &c., agreeable to a certain statute law of this state, describing it, which statute was in fact repealed before the complaint was made, is no ground for objection,—the complaint being sufficient without any reference to the statute. The court will take notice of the general statutes of the state.

An order of affiliation, in a prosecution for bastardy, may be made by the county court upon the *default* of the defendant to appear and answer.

Blood *v.* Morrill et al.

DEBT on recognizance. The plaintiff declared against the defendants,—" In a plea that they, the said Lewis Morrill and Alvin ' Flint, render to the said Harriet Blood the sum of two hundred ' and fifty dollars, which they owe to and unjustly detain from her,— ' For that whereas the said defendants heretofore, to wit, on the ' 28th day of July, 1840, at Irasburgh aforesaid, came before the ' Hon Isaac Parker, then and still being a judge of the county court ' within and for Orleans county aforesaid, in their own proper per- ' sons, and acknowledged themselves then and there, before the said ' Isaac Parker, judge as aforesaid, jointly and severally indebted to ' the said plaintiff in the said sum of two hundred and fifty dollars, ' above demanded, the said Lewis Morrill as principal and the said ' Alvin Flint as surety ; and then and there the said Lewis Morrill ' and the said Alvin Flint, and each of them, did consent and grant ' that said sum of two hundred and fifty dollars should be levied of ' their and each of their goods and chattels, lands and tenements, ' and, for want thereof, of their respective bodies, to the use and be- ' half of the said Harriet Blood, under the condition, that whereas ' the said Harriet Blood, single woman, did, on the 23d day of ' July, 1840, in writing and on her oath, before Joseph Chapman, ' justice of the peace in and for said Orleans county, charge the ' said Lewis Morrill with having begotten a child upon the body of ' her, the said Harriet Blood, on or about the 25th day of March, ' 1840, at Irasburgh, in said Orleans county, and with being the ' father of said child,—which said child, when born, would be, un- ' less prevented by a prior marriage, a bastard ;—Now, therefore, if ' he, the said Lewis Morrill, should personally appear before the ' Hon. County Court, next to be held at Irasburgh, within and for ' said county of Orleans, on the fourth Tuesday of December, 1840, ' and abide and perform such order, or orders, as the said court ' should make in the premises, then said recognizance was to be ' void, otherwise of force. And although the said original com- ' plaint of the said plaintiff, charging the said Lewis Morrill, as ' aforesaid, on request of the plaintiff, and also the warrant issued ' on such complaint, together with a true record of the doings of ' such justice thereon, on the like request of the plaintiff, were duly ' returned to the said county court, which held its session on the ' fourth Tuesday of December, 1840, according to law, and said re-

' cognizance of said defendants was likewise, by said Isaac Parker,
' judge as aforesaid, brought into said court, at the said last men-
' tioned session of said court, to be recorded, and was thereupon, at
' the prayer of the said plaintiff, then and there recorded in the same
' court, as by the record of the said recognizance, still remaining in
' said court, more fully appears, and the said suit was, at the said
' term of the said court, by said court, continued until the next term
' of said court, which was to hold its session on the fourth Tues-
' day of June, 1841, and although, at the said term of the said court,
' which was held on the fourth Tuesday of June, 1841, the said
' plaintiff farther prosecuted her suit aforesaid against the said
' Lewis Morrill, yet, nevertheless, the said Lewis Morrill did not
' personally appear before the said county court, neither at the term
' of the said court which commenced its session on the fourth Tues-
' day of December, 1840, as aforesaid, nor at the term of the said
' court which commenced its session on the fourth Tuesday of June,
' 1841, but, being called at the last mentioned term of said court in
' open court, according to law, to answer to said suit, made default
' in the same, and judgment was thereupon rendered against the
' said Lewis Morrill by default, and his said default was thereupon
' duly recorded, and the said court, at their last mentioned term,
' thereupon ordered and adjudged that the said Lewis Morrill should
' pay fifty dollars, and the costs of said suit legally taxable against
' him, in six months after the date and time of said order, fifty dol-
' lars in one year, and fifty dollars in two years, after the date
' and time of said order, to the plaintiff, and that he, the said
' Lewis Morrill, should enter into recognizance, during the said
' last mentioned term of said court, for the payment of said
' sums and the costs, as aforesaid, which costs were taxed by
' said court at the sum of $18.18. And the plaintiff avers
' that the said Lewis Morrill did not abide and perform the order,
' or orders, of said court, as aforesaid, during the said term last
' mentioned of said court, nor has the said Lewis Morrill since done
' the same, according to the tenor and condition of his said recog-
' nizance, and the said condition of the said recognizance hath be-
' come broken, and the said Lewis Morrill, at the term of said court
' last above mentioned, after his said default in the suit aforesaid,
' was duly called, according to law, to appear in said court in com-

' pliance with his said recognizance, or the same would be forfeited,
' and the said Alvin Flint, at the same term of the court aforesaid,
' was also duly called, according to law, to have the said Lewis
' Morrill in court, in compliance with his said recognizance, or the
' same would be forfeited;—all which, and the several other pro-
' ceedings of the said court, above set forth, at the said December
' Term and said June Term, will more fully and at large appear by
' the records and proceedings of said court, in said court now re-
' maining. And the plaintiff avers that the said Lewis Morrill did
' not appear, after having been so called, as aforesaid, at the said
' June Term, 1841, nor did the said Alvin Flint render the said
' Lewis Morrill in court at the said June Term, 1841, and the re-
' cognizance of the said Lewis Morrill and the said Alvin Flint was
' thereupon, at the said June Term, 1841, by said court, declared
' forfeited, as will fully and at large appear by the proceedings and
' records aforesaid, in said court remaining; and the said judgment
' by default and the said recognizance still remain in full force
' and virtue, and in no way discharged, annulled, or vacated;
' wherefore and whereby, according to the form and effect of said
' recognizance, an action hath accrued to said plaintiff to demand
' and have of and from the said defendants the said sum of two hun-
' dred and fifty dollars, above demanded; Yet," &c.

The defendant pleaded,—1, That there was no such record of
recognizance, as was alleged in the declaration;—2, That there
was no such record of a judgment, as was alleged;—3, That the
county court had no jurisdiction, to make any such order of pay-
ment by the defendant Morrill to the plaintiff, as was set forth in
the declaration;—4, That the defendant Morrill did appear in the
said action, in favor of the plaintiff against him, at the December
Term, 1840, of Orleans county court, and submit himself to and
abide all the orders and judgments in said action, which the said
court then and there made;—and 5, That the defendant Morrill
was prosecuted and sought to be charged by the plaintiff, in the
original action, under the statute of Nov. 9, 1822, which statute was
repealed prior to the commencement of the said prosecution.
Upon these pleas issue was joined, and trial was had by the court.

On trial, the plaintiff, to support the issue upon his part on the
first plea, offered in evidence the original recognizance, taken be-

fore Hon. Isaac Parker, to the admission of which the defendants objected,—1, Because it did not appear to have been filed in court;—2, Because it was averred in the declaration that the recognizance was recorded, and profert was made of the record, and that fact was traversed by the plea, and therefore the issue could not be proved by the production of the original recognizance. The plaintiff then moved that the court direct the clerk to make a certificate on said recognizance that the same was received and filed, and the court directed and permitted the said indorsement to be made, notwithstanding the defendants objected thereto, and the recognizance was then received as proper and sufficient evidence under that plea. It appeared that the recognizance had never been in fact recorded at length by the clerk upon the records of the county court.

The plaintiff then, to sustain the issue upon his part on the second plea, offered in evidence a transcript of the records of the county court in the original action,—to the admission of which the defendants objected, upon the ground that it was averred in the declaration that the plaintiff's costs in the original action were taxed by the court at $18.18, and it did not appear from the record that any costs were ever taxed; and also, that it was averred in the declaration that the defendant Morrill did not appear in court at the December Term, 1840, and it appeared, from the record offered, that he did appear; but the court overruled the objection and received the testimony.

The defendants, to sustain the issues upon their part on the third, fourth and fifth pleas, gave in evidence the original complaint before the justice,—which concluded in these words,—" Wherefore the ' said Harriet prays that a warrant may go forth to apprehend the ' body of the said Lewis Morrill, and that he may be brought before ' your honor, and be made to answer the above complaint, and be ' farther dealt with as to law and justice appertain, agreeable to a ' certain statute law of this State, passed Nov. 9, 1822, entitled an ' act relating to bastards and bastardy,"—and which complaint was dated the 22d day of July, 1840; also a copy of the records and proceedings before the said justice; also evidence tending to prove, that, at the December Term, 1840, of Orleans county court, when the original action was entered in court, the defendant Morrill entered an appearance in said action by attorney, and attended court himself, and was in court, ready for trial, but that the suit was by the court continued to the then next term.

The county court rendered judgment for the plaintiff; to which decision the defendants excepted.

*J. Cooper* for defendants.

1.   Whether the averment, in the declaration, of a record and a profert in court were necessary is one thing; and the proof of it is another.   *Webb* v. *Herne*, 1 B. & P. 281.   To say that the production of the original recognizance answers the averment is going too far; for the plea does not deny the existence of the recognizance, but of a *record* of the recognizance, as is alleged.   The proof of a record, which is pleaded in court with a profert, on a plea of *nul tiel record*, if it be a record of the same court, is the production of the record.   *Cutler* v. *Wadsworth*, 7 Conn. 6.   1 Stark. Ev. 150.   3 Ib. 1276.   1 Sw. Dig. 750.   2 Saund. Pl. & Ev. 274, 275.   *Allen* v. *Goff*, 13 Vt. 148.   *Lowry* v. *Cady*, 4 Vt. 504. Gilb. Ev., p. 9, n. 5.   Jacob's Law Dict. 399.

2.   The averment in the declaration is, that the costs were taxed and allowed in the county court at $18.18, and that the defendant Morrill did not make his personal appearance before the county court at the December Term, 1840; while the record shows no taxation and allowance of costs at all, and that the defendant Morrill did appear at the December Term, 1840.   These are clear variances, which are fatal, and the party has a right to take advantage of them in this way.   1 Chit. Pl. 427.   2 Saund Pl. & Ev. 274, 275, 115, 117.   *Grant* v. *Astle*, Dougl. 781.   *Bristow* v. *Wright*, Dougl. 667–669, and notes.   3 Stark. Ev. 1542, 1547.   13 Vt. 148.   *Avery* v. *Lewis*, 10 Vt. 332.   4 Vt. 502.

3.   From an examination of the statute it is very clear that the county court have no power to make an order of affiliation, except in those cases where there has been an issue found by the jury, or court, and judgment has been rendered thereon.

4.   The recognizance was not conditioned that the bail should surrender his principal in court, but that the defendant should make his personal appearance.   When the defendant comes into court, and enters an appearance upon the docket by attorney, is not this an appearance?   Tidd's Pr. 210.   *Billings* v. *Avery*, 7 Conn. 228. *Simmons* v. *Adams et al.*, 15 Vt. 677.   *Mather* v. *Clark*, 2 Aik. 209.

5.   The prosecution was under the statute of 1822.   The bail

may take advantage of this fact. *Treasurer of Vt.* v. *Cook*, 6 Vt. 282. The fact, here, is distinctly pleaded and as distinctly traversed. If, on examination of the record, the fact alleged appears, then it is difficult to see how the plea can be found untrue.

*C. W. Prentiss* and *H. F. Prentiss*, for plaintiff, cited *Card* v. *Sargeant*, 15 Vt. 393; *Sherwin et al.* v. *Bliss*, 4 Vt. 96; 2 Stark. Ev. 704, 705; 1 Ib. 188, 189; *Lowry* v. *Cady et al.*, 4 Vt. 504; *Sisco* v. *Harmon*, 9 Vt. 129; *Treasurer of Vt.* v. *Pierce et al.*, 2 D. Ch. 106.

The opinion of the court was delivered by

REDFIELD, J. The exceptions, taken to the proceedings in this case, are very numerous, and some of them not a little difficult of apprehension.

1. In regard to the recognizance taken by Judge Parker in the vacation, it is said it should have been recorded, in order to make it evidence. By *recording*, here, is meant *enrolling*, I suppose. For unless the original taking of the recognizance is a record, the enrolling it, in the manner deeds are enrolled, (which, in common language, is well enough denominated recording,) would hardly make it a record. The enrolling of any paper never makes either the paper, or the enrolment, any more authentic. This is required to be done, in the case of lands conveyed, in order to pass the title, so far as third persons are concerned; but the original deed, when it can be had, is, after all, considered the best evidence, and is required to be produced, when the party has it in his power. So this recognizance, after being filed, became itself a part of the record; and the idea of enrolling such a paper, either in a criminal or civil case, never entered the mind of any clerk of the county court, I presume. The inspection of this record, as it was in the same court, was the proper evidence. When a bill of exceptions became necessary, a transcript of the record became important, as a part of the bill; but for any other purpose it would seem to be unimportant.

2. The variance, which is insisted upon, between the declaration and the record, in regard to the appearance of the principal conusor in discharge of the recognizance, is one of substance, and not of form. The question is, substantially, whether, when one appears

in court by attorney, and is himself assisting in the conduct of his suit, or defence, he thereby exonerates his bail for appearance. Nothing is more clear, than that this is no " rendering " of the principal in discharge of the recognizance of bail. To effect that, there must be a formal surrender of the principal into the custody of the officers of court, which must be evidenced by an *exoneretur* entered upon the record, which, in the English practice, is entered upon the bail piece.

In *Williams* v. *Williams*, 1 Salk. 98, it is determined, that "The rendering is a discharge *in posse* as to bail, in three different pending actions, but not complete and actual until *exoneretur* entered." In *Ward* v. *Griffith*, 1 Ld. Raym. 83, the render of the principal, in discharge of his bail, was entered in the book of the warden of the *Fleet prison*, but no *committitur* being entered in the office, the discharge of the bail was held incomplete, notwithstanding the principal had died in prison ; but a rule was finally obtained to stay proceedings in the case, upon other grounds. In this case the record of the recognizance is called a " pocket record," in contra-distinction to a record remaining in court. That distinction would be without any foundation in our practice.

3. The averment in the declaration, that the county court taxed and allowed the plaintiff's costs at $18.18, is not made as a part of the description of the record ; it is not, therefore, a *descriptive allegation*, like the allegation in the common form of declaration in debt upon judgment, that the plaintiff recovered so much debt, or damages, and so much costs of suit, but it is a mere *averment of a fact*, which, when the record is produced, is not verified. The failure of the proof of *this averment* is no variance, as it would have been, had the failure been in a *descriptive averment*.

4. The third plea, which is, that the county court had no power to make the order upon a default of the defendant, is not, we think, well founded. An order, in a case for bastardy, may as well be made upon default, as judgment may be rendered in any other case, in a civil action, by default.

5. The plea, that the complaint alleged the proceedings to be under a statute which was in fact repealed, is of no importance. There was no necessity of referring to the statute. The court will take

notice of the general statutes of the state.  A wrong reference could mislead no one, and could not make the complaint bad, when it would have been good without any reference.

Judgment affirmed.