Davis *v.* Dorr.

---

## PARKMAN T. DAVIS *v.* HOLLIS A. DORR.

*Process. Imprisonment for debt. Pleading.*

Where, in an action on contract, the proper affidavit has been duly filed, that the defendant is about to abscond, etc., and the writ has issued against and been served on his body, the execution follows the writ, and may issue against the body without filing a new affidavit.

The affidavit which the statute requires to be filed previous to the issue of a writ in an action on contract, as a capias, need not aver in direct terms that the defendant is indebted to the plaintiff; nor is it necessary that it should state definitely the *amount* of property secreted by him. It is sufficient if it aver that he has property secreted, etc., sufficient to satisfy the demand on which the suit is brought.

In *scire facias* against bail for a defendant arrested on mesne process in an action on contract, the declaration must allege that the *execution* issued against the body of such defendant. It will be insufficient if it merely allege that the writ was so issued and served.

Scire Facias against the defendant as bail for Charles W. Dorr. The declaration averred that the plaintiff, on the 24th of January, 1857, took out a capias against Charles W. Dorr, of the state of Wisconsin, in an action of assumpsit; that the plaintiff's attorney, before the writ issued, filed with the authority signing the writ, an affidavit that he had good reason to believe, and did believe, that the said Dorr was about to remove from this state, and had secreted about his person, or elsewhere, money or other property sufficient to satisfy the plaintiff's demand against him; that said writ was served by an officer by arresting Dorr; that the defendant

became bail and surety for him, etc.; that the writ was returned, and that the plaintiff recovered a judgment against said Charles W. Dorr; that within thirty days after the rendition of said judgment the plaintiff prayed out his writ of execution on said judgment, against the said Charles W. Dorr, etc., and delivered it to the same officer, within the said thirty days, who made a *non est* return thereon, both as to the body and estate of the said Charles W. Dorr, etc.

The declaration contained no averment that the execution issued against said Dorr's body.

The defendant plead in bar, that before, and at the time said writ and execution issued, the said Charles W. Dorr was a resident citizen of the state of Wisconsin, and that said suit was brought upon a contract made since January 1st, 1839 ; and recited the affidavit of the plaintiff's attorney, the substance of which has already been stated, and negatived the filing of any other affidavit in said cause.  To this plea the plaintiff demurred.

The county court, at the November Term, 1857,— BENNETT, J., presiding,— adjudged the plea insufficient, and rendered judgment for the plaintiff.  Exceptions by the defendant.

*Roberts & Chittenden*, for the defendant.

*Hard & French*, for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, J.  This is a scire facias brought against the defendant as bail for Charles W. Dorr.  The questions before this court arise on a demurrer to the defendant's plea.  Several questions have been raised, both on the plea and on the declaration. We shall consider three of them only.

As to the sufficiency of the affidavit on which the writ issued against the body of said C. W. Dorr.  The defendant insists that the affidavit was insufficient, on two grounds.  First, that it did not state that the defendant in that proceeding was indebted to the plaintiff.  Second, that it does not sufficiently state the amount of property secreted.

On examining the statute relating to the subject, we think it

Davis *v.* Dorr.

apparent that the legislature intended to prescribe definitely what the affidavit of the party, or his agent or attorney, should contain, to entitle him to a process against the body of his debtor. This affidavit follows, almost literally, the language of the statute, and we think contains all that the legislature intended to require.

It is also insisted that the plaintiff was not entitled to an execution against the body, on the judgment he had obtained, without first filing an affidavit for that purpose. We think the doctrine that the execution may follow the writ in this particular, is. too well settled in this state to be now questioned.

But the most important question in this case is, whether the declaration sufficiently alleges that the execution issued on that judgment did run against the body of the defendant therein. The declaration simply alleges, that " within thirty days after the rendition of said judgment, the said Davis prayed out his writ of execution on said judgment," etc. Unless such execution ran against the body of the debtor, the defendant in this suit was discharged from all liability as his bail, and unless the above allegation can be construed to be an allegation that said execution did run against the body, this declaration is insufficient. Before the statute abolishing imprisonment for debt, and when both writs and executions issued against the body almost invariably, it might with some force have been claimed, that an allegation like the one in this case, was, substantially, an allegation that the execution issued in due form and against the body ; but at the present day it is rare that a writ in an action of contract issues against the body, and when the writ is issued against the body, it is by no means certain that the execution follows the writ in that particular. There are several modes in which the body of the debtor may be released after the service of the writ, and before execution issues, and to presume that the execution at the present day follows the writ in this respect, would be to presume what in many cases would not be true in point of fact.

As this question was before the supreme court in the case of *Blood* v. *Crandall*, 28 Vt. 397, on an allegation almost precisely like this, which was then held to be insufficient, the decision in that case must govern this.

The judgment of the county court is reversed.