AZAPH CONVERSE v. DANIEL WASHBURN.

*Arrest. Certificate. Bail. Surrender of Principal.*

A new affidavit need not be filed before execution is issued against the body of a defendant in cases where the writ was properly issued against and served upon his body upon affidavit filed before the writ issued. *Davis* v. *Dorr*, 30 Vt., 97.

In a case before a justice of the peace a bail can surrender his principal only while the court is in session. After an adjournment the court is not in session though the adjournment takes place before the expiration of the two hours which are allowed to the justice and parties within which to appear.

SCIRE FACIAS against the defendant as the bail of one Moody. Trial by the court, March term, 1870, STEELE, J., presiding.

Plea, *nul tiel* record ; which issue on inspection was found for the plaintiff. The defendant also gave notice of special matters : 1st. That there was no affidavit, as required by law, filed with the authority issuing the execution. 2d. That the defendant delivered up the said Moody to the court in discharge of himself as bail.

It appeared on trial that a proper affidavit was filed. with the justice before the writ of the plaintiff against said Moody was sued out ; that after the same was sued out, in a due course of proceedure the cause came to the county court by appeal, and that judgment was rendered and execution issued thereon ; that before the execution was issued the plaintiff filed with the clerk an affidavit, the material part of which was in substance as follows :

17

That Moody had absconded or removed from the state, for the purpose of avoiding the payment of the debt in said execution, and had secreted about him money or other property sufficient to pay it, &c.   The defendant objected that said affidavit was insufficient, and that said execution was illegally issued against the body of Moody.   The court ruled otherwise, and the defendant excepted. It appeared that on the return day named in the writ, the justice, Chas. E. Benton, was present with the writ at the time and place named therein, and that the plaintiff and Moody appeared before him, and that Moody moved for a continuance, which the court granted, and made and signed a minute thereof on the back of the writ ; and that the plaintiff and Moody then left the office, leaving the justice and the plaintiff's attorney there engaged in transacting some business they had with each other ; that in a short time, not exceeding half an hour and within two hours from the time set in said writ for trial, the defendant took Moody into said office, where justice Benton and the plaintiff's attorney still were, it being the office of the plaintiff's attorney, and delivered him up to said justice in discharge of himself as bail ; that said justice declined to receive him, saying that the cause was continued and that no court was in session.   The defendant claimed that this made a good and sufficient delivery of the said Moody to the court to discharge himself as bail, but the court held otherwise, and rendered judgment for the plaintiff, to which the defendant excepted.

*Ray & Ladd,* for the defendant.

*Burns & Heywood,* for the plaintiff.

The opinion of the court was delivered by

WHEELER, J.   No question is made but that, upon the affidavit of the plaintiff, the writ in his suit against Moody properly issued against the body of Moody.   When the defendant became bail for Moody in that suit, he became holden to satisfy the judgment which should be finally rendered therein, in case the plaintiff should cause the execution to be put into the hands of a proper officer

within thirty days, and cause a legal return of *non est inventus* to be made thereon within sixty days, of the time of rendering the judgment, unless he should surrender the body of Moody into court, or show his death before judgment, upon *scire facias* brought on that judgment. Gen. Sts., Chap. 33, §§ 62, 63. Neither the provisions of these sections, or of those relating to the imprisonment of debtors in the same chapter, require or contemplate that a new affidavit should be filed before execution should issue against the body of a defendant in cases where the writ was properly issued against and served upon his body upon affidavit filed before the writ issued. This was expressly so decided in *Davis* v. *Dorr*, 30 Vt., 97, and there is no occasion to say more upon that subject than to refer to that decision. No affidavit having been necessary upon issuing execution against the body of Moody, no inquiry or examination into the sufficiency of the one that was then filed need be had.

Justices of the peace are not always courts; they have jurisdiction given them to try and determine certain criminal prosecutions and civil actions, and to bind over for trial by higher courts persons accused of crimes beyond their jurisdiction to try. When taking cognizance of a criminal prosecution or of a civil suit or proceeding brought before them, they are courts; their proceedings are judicial proceedings, and their decisions are judgments of record. They have no stated terms of court appointed by law to be holden like the sessions of the higher courts, but the manner of commencement of prosecutions and suits before them, is particularly pointed out by the various provisions of the statute upon that subject, and those provisions contemplate that the time and place of trial, to be had before them, shall be appointed by them, they being limited in that respect only by general provisions of the statute as to the county or town and time within which the trial must be had. When a justice is present, within two hours of the time and at the place appointed for trial or hearing in a civil process issued for that purpose, or of the time and at the place to which such trial or hearing may have been continued, with the process, then he is invested with judicial powers over that proceeding, co-extensive with the disposition he is authorised

by law to make of it.   Among other dispositions that a justice may make of a cause pending before him after the parties have appeared, and in some cases specially provided for when the defendant has not appeared, he may adjourn it at any stage of the proceedings, for any length of time not exceeding three months. From the time when a justice becomes invested with judicial control of a cause or proceeding until it is disposed of finally by a judgment, or for that occasion by an adjournment, he is a court with cognizance of that cause.   Until he is so invested he is not a court, although the proceeding or suit must have been commenced some time before that.   And after the case is so disposed of, he does not continue to be a court as to that cause, although it may be adjourned not to be finally disposed of for some time after that.   Two hours are given to the justice and the parties within which to appear, for their convenience, not because a justice's court has a term of two hours during which it sits, and before the expiration of which it cannot fully dispose of the case. When the parties have appeared, the justice may proceed with the cause, and when it is disposed of and nothing more remains to be done about it at that session, the session is ended, although the two hours may not have expired.   A person who has become bail for a defendant upon mesne process may discharge himself from his liability as bail by the delivery of his principal into court.   The words, *into court*, signify a delivery to the officers of the court who are under the control of the court and can take custody of the principal under the direction of the court.   Those provisions of the statute, §§ 64 and 66 of the same chapter, that provide for the detention of the principal under the direction of the court, indicate plainly that the surrender is to be made to the court as such, so that the court can make the necessary orders with reference to such detention.   Further, the surrender of the body of the principal by the bail is a matter of record as a part of the judicial proceedings of the court in the cause.   *Welby* v. *Canning*, Hobart, 210 ; *Huckle* v. *Ambrose*, Barnes, 70 ; *Wraight* v. *Kitchingman*, 1 Str., 197, 1 Sel. Pr., 164 ; *Whitton* v. *Harding*, 15 Mass., 536.   This shows that the surrender must be into court while the court is in session, so that the proper recording officer

of the court may make the proper entry and record of the surren-
der. When the defendant offered to deliver Moody to justice Ben-
ton, no court was in session, the business of the session, then lately
had, had been disposed of, and the court had adjourned, and the
justice was under no more obligation to receive the principal then
than the judges of the county court, or of this court, would be
bound to receive the surrender of a principal by bail in vacation.
Whether the surrender could be proved otherwise than by the
proper record of it, or not, or whether having been proved by
other evidence, without objection, the want of a proper record of
it could be taken advantage of, or not, is not now considered or
decided. In this case there was no surrender of the principal
into court, therefore the defence cannot prevail on that ground.
This disposes of all the grounds upon which the defendant claimed
to prevail.

The judgment is affirmed.