## WILLIAM DARLING v. NATHANIEL CUTTING AND A. G. PARSONS.

*Scire Facias. Bail. Copies of Appeal. Evidence. Practice.*

1. COPIES OF APPEAL. In *scire facias* against bail on *mesne* process, with a plea of *nul tiel record*, copies of appeal are record evidence of the proceedings and judgments shown thereby.
2. BAIL. Such copies, when the officer's return is incorporated into them, attested, and shows that the defendants became bail, are *prima facie* evidence of that fact.
3. The defendants by going on with the case, without raising the question, admitted by implication, that they were the persons returned by the officer as bail.
4. BAIL—PROOF OF DISCHARGE. A certified copy of the record and original writ were not admissible for the defendants, as they showed nothing amounting to a discharge of bail. An *exoneretur* should have been entered.
5. The failure of an officer to deliver a bailpiece will not discharge the bail.
6. The defendants in the court below claimed that there was a variance between the amount of the judgment offered in evidence, and the judgment described; *Held*, that they could not under such an objection raise the point that the execution issued for too large a sum.
7. It was conceded that the judgment in the original action was by mistake $34.40 too large. The court affirm the judgment below, deducting the amount of that error.
8. A question was argued, but not considered, as it was not raised by the exceptions.

SCIRE FACIAS against bail on *mesne* process. Plea, *nul tiel record*, with notice. Trial by jury September Term, 1883, Essex County, Ross, J., presiding. Judgment for the plaintiff.

The original action was brought by the present plaintiff before a justice of the peace against one Woodward. It was trover for the conversion of sheep. (See *Darling* v. *Woodward*, 54 Vt. 101.)

The present proceeding is against Woodward's bail. The copy of appeal objected to as evidence by the defendants, was the copy of appeal from the justice court to the County Court in the original suit. That suit was also appealed to the Supreme Court; and at the General Term, 1881, judg-

ment was rendered for the plaintiff to recover the sum of "$165.08, with interest since October 1, 1876, and costs." The *scire facias* was dated March 6, 1882, and was brought to the County Court. The declaration alleged that the judgment rendered in the Supreme Court was for the sum of $215.98. The defendants offered in evidence a certified copy of the justice record in the original case, which was excluded by the court. This copy contained the following: "At the opening of the court, February 5th, 1877, Nathaniel Cutting came in with defendant, H. C. Woodward, and made a surrender of said Woodward in the following language: 'Here is your man;—we won't be bail any longer.'" This did not appear in the original record, and was not in the plaintiff's copy. The court found from other evidence, that, "after the judgment in the Supreme Court, and about the time this suit was brought, the justice made the addenda to his record, or minutes, in regard to the surrender by Cutting of Woodward."

*Nichols & Dunnett,* for the plaintiff.

*Bates & May,* for the defendant.

The opinion of the court was delivered by

ROWELL, J. It is objected that the copies of appeal were not admissible under the plea of *nul tiel record,* and contended that *Murdock* v. *Hicks,* 50 Vt. 683, so holds. But the holding there was, not that copies of appeal are not evidence, but that the copies offered did not show a *record* of the recognizance, but only a *minute* of recognizance from which the justice might have made a record in due form, and that a mere *minute* of recognizance is not a *record* of recognizance that can be declared on as such, or that can be given in evidence under the plea of *nul tiel record.* This was no new holding, for the same thing was held in *Brackett* v. *McLeran,* 23 Vt. 90. We think it clear that copies of appeal, when properly made and certified, are competent

*record* evidence of the proceedings and judgments properly shown thereby. The statute requires the appellant to procure and enter in the appellate court attested copies of the original writ, process, record of judgment, and the evidence filed in the court from which the appeal was allowed; and the entry of such copies is necessary in order to give the appellate court jurisdiction. *Goodenow* v. *Stafford*, 27 Vt. 437. A compliance with this statute furnishes to the appellate court an attested copy of the proceedings and record below, which is just as competent evidence in the appellate court of such proceedings and judgment as any other copy of the justice's record could be.

But it is further objected, that though the copies of appeal were properly admitted, yet they did not show that defendants became bail as alleged; that this could not be shown by the officer's return, but only by producing the original writ itself, with their names indorsed thereon. It was the duty of the officer to return the original writ with his doings thereon, and if he took bail, to say so, and his return was *prima facie* evidence against the bail of all he was bound to return; and although the return may not have been a necessary, nor even a proper, part of the record, yet, when incorporated into the copies of appeal and attested, as here, such copies were proper proof of it, on the authority of *Mattocks* v. *Bellamy*, 8 Vt. 463, where it is said to have been the uniform practice in this State to admit, and even prefer, attested copies, not only of records, technically so called, but of all papers, files, rolls, &c., legally deposited in the clerk's office and there required to remain.

As to the objection that defendants were not shown to be the same persons whom the officer returned as having become bail, it is sufficient to say, that if this point could have been well taken when plaintiff rested, it was vitiated when defendants went on with their case and admitted, by implication at least, that they were the persons.

The objection that there was a variance between the

amount of the judgment offered in evidence and the judgment described in the declaration, went only to its admissibility as evidence under the declaration, and not at all to the point that the execution issued for too large a sum, and was therefore void and the bail discharged, as now claimed. It does not appear that that question was raised below in any way. The objection was, as stated in the exceptions, " to the amount named in said judgment," and that " there was a variance between that and the declaration "; but it is not otherwise stated wherein it was claimed the variance consisted. The judgment as rendered was for the sum of $165.08 damages and interest thereon since Oct. 1, 1876, whereas the judgment as described in the declaration was for the sum of $215.98 damages, which was the amount of said first-mentioned sum with interest thereon from said date; and for aught that appears this may have been, and we think was, the ground of the objection, that a judgment for a sum certain with interest thereon is improperly described or declared upon as a judgment for a sum certain, larger by the amount of such interest.

It has been argued that the clerk's minute on the execution of the fact and time of its return to his office is not competent proof thereof; but no such question is raised by the exceptions, and hence is not considered.

There was no error in excluding the certified copy of record and the original writ offered by the defendants, for they showed nothing amounting to a discharge of the defendants as bail. The principal was not taken into custody, and the court took no notice whatever of the attempted surrender, not even to make a minute of it, much less to enter an *exoneretur*. It is plain that what we have here cannot discharge bail. In *Williams* v. *Williams*, 1 Salk. 98, plaintiff sued defendant in three actions, and defendant put in three bails, and plaintiff recovered in all. Defendant rendered himself, and one of the bail entered an *exoneretur* on the bailpiece, but the rest did not; and it was held that

the rendering was a discharge *in posse* as to all, but not complete and actual as to all till *exoneretur* entered upon all. See, also, *Blood* v. *Morrill*, 17 Vt. 598; *Humphrey* v. *Kasson*, 26 Vt. 760.

When a surety indorses a writ of attachment as bail, the statute makes it the duty of the officer to deliver out a bail-piece. But this is a matter between the surety and the officer, and the surety must see to it that he has a bailpiece if he desires one, and its non-delivery will not discharge him. The indorsement of the process is, in effect, the recognizance of bail, and goes into court, and constitutes the ground of liability; while the bailpiece goes into the hands of the surety, and is merely evidence of the obligation he has assumed, whereby he is enabled to obtain a warrant for the arrest of his principal. Bail thus given answers the purposes of bail below and bail above at common law, though the obligation it imposes is substantially like that imposed by a recognizance of bail by *bill* in the King's Bench when taken before judgment. 1 Tidd. 250.

It has been made to appear, and is conceded, that by mistake the judgment in the original action was entered up for a sum too large in damages by $34.40; and we are asked to bring forward that case, and correct the judgment. To do this might, perhaps, embarrass the *scire facias*, and so we accomplish the same thing by a rule in this case.

Judgment affirmed, under a rule that the plaintiff deduct therefrom the said sum of $34.40 as of the date of the original judgment.