ARTHUR P. WRIGHT *v.* ARTHUR G. BURBEE.

October Term, 1941.

Present: MOULTON, C. J., SHERBURNE, BUTTLES, STURTEVANT and JEFFORDS, JJ.

Opinion filed November 4, 1941.

198

*Gibson & Gibson* (*A. Luke J. Crispe* on brief) for defendant.

*Edwards & Bigelow* for plaintiff.

MOULTON, C. J. This is a writ of scire facias against bail on mesne process, wherein it is alleged that the plaintiff brought an action in tort against one Stuart Burbee, the writ being issued as a capias upon which he was arrested, and the defendant herein became surety for Stuart Burbee's appearance by endorsing his name on the back of the writ as bail; that the cause came

on for trial by jury resulting in a verdict for the plaintiff, and the court adjudged that the cause of action arose from the wilful, malicious and negligent act of Stuart Burbee, as appears of record; that a certified execution issued which was placed in the hands of the sheriff, who made timely return of *non est inventus.*

The defendant answered the writ by pleading in bar a surrender of Stuart Burbee into court, and his discharge as bail; and, further, that at the time of the return of *non est inventus,* Stuart Burbee was insane and confined in an institution for the insane.

Issue was joined upon the plea, and after hearing and a finding of facts made and filed by the court, judgment on the writ was entered for the plaintiff. The cause is here upon the defendant's exceptions.

At the close of all the evidence the defendant moved the dismissal of the writ and for judgment in his favor. The pleadings presented controverted questions of fact, upon which evidence had been introduced by both parties, and it was therefore the duty of the court to find and state the facts. P. L. 2069. Although this statute applies in terms to the County Court the same duty is imposed upon a municipal court by virtue of P. L. 1405. *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 Atl. 394. The motion was inopportune, since, at the time it was made, the court had not made the required finding of facts. *Raithel et ux.* v. *Hall et al.,* 99 Vt. 65, 69, 70, 130, Atl. 749; *Roberge* v. *Town of Troy,* 105 Vt. 134, 136, 163 Atl. 770. Nevertheless the record shows that the court deferred a ruling thereon until after the facts had been found, and so we take it that the point was treated as having been seasonably raised, and the exception to the denial of the motion is before us.

With regard to the claim that the bail had been discharged the court made the following finding: "At the opening of the original trial the attorney for the defendant Stuart Burbee addressed the court and stated that as Attorney for the bail, Arthur G. Burbee, he presented the defendant in court and requested that the bail be discharged. The court declined to accept this as a compliance with the statute and directed the record to show that the defendant was present and that the bail was discharged insofar as his attendance was concerned but did not accept the offer of the defendant's attorney, acting both as at-

torney for the defendant and the surety, as such a surrender of the defendant as is contemplated by the statute.''

■ By P. L. 2163 it is provided that ''When a person endorses his name as bail on mesne process, he shall be holden to satisfy the judgment finally rendered thereon, if the plaintiff causes the execution to be put into the hands of an officer authorized by law to levy and serve the same within thirty days from the date on which he is first entitled by law to such execution, and causes a legal return of *non est inventus* to be made thereon within sixty days from such date.'' This statute in effect combines the two forms of bail on mesne process known to the common law—special bail put in to the sheriff upon the arrest or bail below, for the appearance of the principal in court upon the return day of the writ, and bail to the action, or bail above put in to the court on the return day wherein the undertaking of the sureties in the event of judgment against the principal is either to pay the judgment debt and costs or to surrender him into custody. 3 Blackstone Comm. (Sharswood's Ed.) pp. 290, 291; Bouvier, Law Dict. (Rawles' 3rd. Revision) title, ''Bail.''

■■ By P. L. 2158 ''A surety on mesne process may deliver the principal into court before or during the term at which final judgment is rendered on such process, in discharge of himself * * * .'' This statute is merely declaratory of the common law. ''The bail have their principal always upon a string, and may pull the string whenever they please, and render him in their own discharge.'' *Anonymous,* 6 Mod. 331, 87 Eng. Reprint 982; *Worthen* v. *Prescott,* 60 Vt. 68, 72, 11 Atl. 690. And, upon the delivery of the principal into court, it is the duty of the court to order him committed to jail unless he procures sufficient surety for his appearance. P. L. 2159, *Worthen* v. *Prescott, supra.*

■■ In order to discharge the bail the mere attendance of the principal in court to defend the action is not sufficient; there must be a formal surrender of him by the bail into the custody of the court *sedente curia,* but the discharge of the bail is not complete and actual until an exoneretur has been entered upon the record. *Humphrey & Wife* v. *Kasson,* 26 Vt. 760, 763; *Blood* v. *Morrill et al.,* 17 Vt. 598, 605; *Converse* v. *Washburn,* 43 Vt. 129, 132. In *Darling* v. *Cutting,* 57 Vt. 218, 221, a certified copy of the record of a trial before a justice of the peace showed only that the bail came into court with his principal and said ''Here

is your man—we won't be bail any longer.'' On a subsequent action of *scire facias,* with plea of *nul tiel* record with notice, the record was offered in evidence and excluded. The ruling was upheld on the ground it showed nothing amounting to a discharge of the defendants as bail, the principal not having been taken into custody and the court having taken no notice of the attempted surrender and having made no minute of it, much less having entered an exoneretur.

██ ██ The facts of the present case are distinguishable from those in the decision last mentioned. Here, the bail presented his principal on the return day and moved for discharge. This appears to have been intended as a formal surrender and understood as such by the court. The bail was entitled to deliver his principal at this time as a matter of right. *Belknap* v. *Davis,* 21 Vt. 409, 412. The court directed the entry of exoneretur upon the record and we must infer from the finding that it was so entered. The exoneretur, however, was ordered with the qualification that it should only apply to the attendance of the principal on the return day. The bail was entitled to more than this, and we hold that it was the duty of the court to do what was necessary for his complete discharge. The invalid qualification of the exoneretur is to be disregarded and, since it is without effect, the entry is to be treated as an unconditional discharge.

██ ██ The reason given for the ruling was stated by the court to be that the surrender was not considered to be such as contemplated by the statute. But we do not agree with this. The delivery of the principal might properly be made by the bail through his attorney. *Coolidge* v. *Cary,* 14 Mass. 115; *Nicolls* v. *Ingersoll,* 7 Johns. (N. Y.) 145, 154. And no reason why the attorney for the defendant should not also act in his behalf for the bail is perceived.

██ ██ The failure of the court to order the principal into custody was something that was beyond the power of the bail to prevent, and did not impair the effectiveness of the surrender. See *State* v. *Lambert,* 44 W. Va. 308, 28 S. E. 930. It has been suggested upon argument by the plaintiff's counsel, that if the bail had been dissatisfied with the ruling of the court, he ought to have taken an exception. But he was not a party to the action then on trial, and had no right of exception. He was entitled to rely upon his compliance with P. L. 2158.

It is also claimed that proof of the discharge of bail can only be made by the production of the record of exoneretur. This is the purport of *Blood* v. *Morrill et al.*, 17 Vt. 598, 605; *Converse* v. *Washburn*, 43 Vt. 129, 132; *Whitton* v. *Harding*, 15 Mass. 535, 536; although it was held in *Chase* v. *Holton*, 11 Vt. 347, 349, that where the plea to a writ of *scire facias* alleged a surrender in discharge of bail, but contained no allegation of a record of exoneretur, and such plea was not demurred to for want thereof, but was traversed, the surrender became a matter *in pais* and no testimony which tended to show the fact could be rejected. However, we need spend no time upon this point, for no question of evidence is before us. The issue is whether the facts as found support the judgment.

What we have said renders it unnecessary to consider the other ground of defense—the alleged insanity and confinement of the principal; or the several exceptions to the evidence and to the finding of facts.

*Judgment reversed and judgment for the defendant to recover the costs.*