## Clark H. Mason v. Donald J. Carr

[114 A2d 417]

February Term, 1955.

Present: **Cleary, Adams and Chase, JJ., and Hulburd, Supr. J.**

Opinion Filed May 3, 1955.

*Loveland & Hackel* for the plaintiff.

*Lawrence & O'Brien* for the defendant.

**Cleary, J.** This is an action of contract brought on June 22, 1954 against the defendant as bail on mesne process. The defendant demurred to the plaintiff's complaint. The court below sustained the demurrer, allowed the plaintiff exception and passed the case to this Court before final judgment.

The complaint alleges that on March 31, 1949, the defendant's brother, Clarence Carr, was arrested on a body writ brought by the plaintiff, returnable to the Rutland County Court, and the defendant herein became surety to the satisfaction of the officer who served the writ, by indorsing his name on the writ as bail. The indorsement read "As bail, 3/31/49 Donald J. Carr." The complaint also alleges as follows: By said indorsement this defendant agreed to satisfy the judgment finally rendered thereon, if the plaintiff caused an execution to be put into the hands of an officer authorized by law to levy and serve the same within thirty days from the date on which he was first entitled by law to such execution, and caused a legal return of *non est inventus* to be made thereon within sixty days from such date. On November 16, 1949, the plaintiff recovered judgment against Clarence Carr and, at the time of rendering judgment, the court adjudged that the cause of action, on which the judgment was founded, arose from the wilful and malicious act and neglect of Clarence Carr and he should be confined in close jail. On November 16, 1949, the plaintiff took out a certified execution to be put in the hands of an officer to levy and serve. On January 12, 1950 the officer made a return of *non est inventus* on said execution and it was filed in the Rutland County Court. Clarence Carr is presently without the State of Vermont and, although request was made of Donald J. Carr, the aforesaid judgment remains totally unsatisfied.

The causes of the demurrer, stated briefly, are that the complaint alleges an action of contract but fails to allege facts from which a contractual obligation running from the defendant to the plaintiff can be found; that the right of action, if any, which the plaintiff has against the defendant is an action under the provisions of V. S. 47, §2216; that the provisions of that section constitute a condition which the plaintiff is required to perform, as one step towards perfecting and maturing a cause of action against the surety, which is until then contingent and defeasible, and necessary to be done in order to create and establish a claim against the surety; that the liability of the defendant, as surety, is wholly collateral, and is primarily an obligation merely for the appearance of the principal, or

that he shall be forthcoming within the life of the execution, issued in said cause; that the liabilty of the defendant as surety could have been defeated by a surrender of the principal on the return of scire facias; that the complaint fails to show that the plaintiff has performed such condition, having failed to bring a writ of scire facias against the defendant herein within one year from the rendering of judgment in the case of this plaintiff against Clarence Carr pursuant to the provisions of V. S. 47, §2216; that the complaint fails to show that the plaintiff at any time afforded this defendant an opportunity to surrender his principal into court.

■ The plaintiff claims that the common law remedy of debt on a bond exists as an alternative remedy to scire facias against bail on mesne process. He confuses the two forms of bail on mesne process known to the common law, special bail put in to the sheriff upon the arrest or bail below, for the appearance of the principal in court upon the return day of the writ, and bail to the action, or bail above, put in to the court upon the return day of the writ wherein the undertaking of the surety in the event of judgment against the principal is either to pay the judgment debt and costs or to surrender him into custody. The statute, originally R. 1787 p. 146 and now V. S. 47, §2215, in effect combines the two forms of bail on mesne process. *Wright* v. *Burbee*, 112 Vt 197, 200, 22 A2d 494.

The statute provides as follows: 2215. "Surety; for what held; how charged. When a person endorses his name as bail on mesne process, he shall be held to satisfy the judgment finally rendered thereon, if the plaintiff causes the execution to be put into the hands of an officer authorized by law to levy and serve the same within thirty days from the date on which he is first entitled by law to such execution, and causes a legal return of *non est inventus* to be made thereon within sixty days from such date."

But as part of the same statute, enacted at the same time, V. S. 47, §2216, provides as follows: 2216. "Scire facias against surety. When such return is made on the execution, within one year from the rendering of judgment, and not after, the plaintiff may bring his writ of scire facias against the

surety. Unless the surety surrenders the body of the principal into court, or shows his death, or confinement in any state prison or house of correction for a criminal offense before judgment on the scire facias, and pays the cost upon the same, unless cause is shown to the contrary, the court shall render judgment against him for the amount of the judgment in the original action with interest thereon and the costs on the scire facias."

■ It is clear that the legislature, in making a person who endorses his name as bail on mesne process liable to satisfy the judgment finally rendered thereon, imposed certain conditions on a plaintiff who seeks to enforce liability on the bail and gave the bail certain rights by providing various ways to avoid liability. The liability of bail on mesne process is wholly collateral, and is primarily an obligation merely for the appearance of the principal, or that he shall be forthcoming within the life of the execution, if one is properly issued. Even after a writ of scire facias is duly brought and seasonably served upon him, and all the preceding conditions have been complied with by a plaintiff, the liability of the surety is only contingent and conditional, liable to be defeated by a surrender of the principal on the return of the scire facias, or by showing the death, insanity or confinement of the principal in any state prison or house of correction. V. S. 47, §2218; Strong v. Edgerton, 22 Vt 249, 252. In the Strong case, the court said at p. 255: "It was the evident object of the Legislature, to limit the creditor's right to call upon a surety to a certain and fixed time, and to as short a period, as was consistent with a due regard to the creditor's right, that the surety might be under no embarrassment as to the extent or duration of his contingent liability, or as to the time, when he might, with safety to himself, cease to look after his principal, or discharge him from custody, if he were so held." The case holds that the provision of the statute requiring writs of scire facias against bail on mesne process to be brought within one year after the rendition of judgment against the principal is in the nature of a condition and required to be done in order to create and establish a claim against the surety.

All of the Vermont cases cited in the plaintiff's brief were brought either on a recognizance or a bail bond and all except *State v. Dwyer and Barker*, 70 Vt 96, 39 A 629, were brought before the rights of a person indorsing his name as bail on an original writ were extended to persons signing a recognizance or surety bond. V. S. 47, §3 and §2203. In *State v. Dwyer and Barker*, 70 Vt 96, 39 A 629, an action had previously been brought in Rutland City Court on a forfeited recognizance and judgment rendered against the defendants. The State then brought scire facias in the county court. The defendants contended that the action in city court was technically an action of debt, that the judgment was upon the merits and constituted a bar to the later action in county court. This Court held that if the city court had common law jurisdiction of the action brought there the court would have to render judgment for the full amount of the recognizance and the surety would be deprived of his right to equitable relief which the county court might afford through its power to chancer. At that time the city court had no power to chancer and the case holds that when the right to chancer was given by statute the action of debt was no longer applicable, and that the city court had no jurisdiction of the action which was brought there.

So here if the plaintiff can maintain his present action of debt he can hold this defendant liable not for one year as provided by the statute but for six years and he can deprive the defendant of the rights given him, the exact benefits designed by the statute to be conferred. We hold that the common law action of debt on a bond is not applicable against one who, as here, endorsed his name on a writ as bail on mesne process in a civil action. The decisions in other New England States accord with this view. See *Pierce v. Read*, 2 NH 359; *Hewins v. Currier*, 62 Me 236; *Gale v. Boyle*, 6 Cush., Mass, 138; *Crane v. Keating*, 13 Pick., Mass, 339.

Because the plaintiff failed to comply with the requirements of V. S. 47, §2216 the lower court properly sustained the defendant's demurrer. *Order sustaining the demurrer affirmed. Judgment for the defendant with costs.*