## Lash Furniture Co. of Barre, Inc. v. Kenneth Norton et al

[185 A.2d 734]

September Term, 1962

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed November 7, 1962

*Monti, Eldredge, Calhoun & Free* for the plaintiff.

*Black & Plante* for the defendant.

**Shangraw, J.** This is an action of contract in which the plaintiff seeks to recover from the defendant the balance claimed to be due upon the purchase price of certain furniture. Trial was had by the Barre Municipal Court, without a jury, on January 10, 1962. Findings of fact were not made by the court. Under date of February 15, 1962 a formal judgment order was issued in favor of the plaintiff to recover of the defendant $271.48 damages and costs of $21.06, a total of $292.54. A copy of the judgment order was duly sent to attorneys for the plaintiff and defendant. The judgment order recites that findings of fact were waived. On March 2, 1962 the defendant filed a notice of appeal.

The defendant appeared *pro se* at the trial and claimed that the furniture which he received was not what he ordered. The principal controversy related to a table which the defendant claimed was smaller than that which he agreed to purchase. At the conclusion of the hearing the court announced that the plaintiff would have judgment, to which the defendant took exception.

Following the trial the defendant engaged the services of an attorney who entered into correspondence with the judge of the Barre Municipal Court concerning the final disposition of the case, and the failure on the part of the court to prepare and file findings of fact. The first letter to the judge was dated February 8, 1962. By letter dated February 9, 1962 the defendant's attorney was advised by the court that judgment was entered for the plaintiff on January 10, 1962 and that no findings of fact were made because "Mr. Norton did not request any." On February 15, 1962 a formal judgment order was issued by the court and mailed to defendant's attorney. This order stated that, "Findings of Fact were waived." Further correspondence was had concerning the lack of findings of fact, and by letter dated February 27, 1962 the court advised defendant's attorney that, "The Findings of Fact were waived because no appeal was entered within the time allowed." Copies of the letters between the trial court and the attorney for the defendant are contained in the defendant's printed case, and referred to in the defendant's brief without objection on the part of the plaintiff. In view of this correspondence it becomes apparent that the judgment record wherein it is stated, "Findings of Fact were waived" does not state the true facts. These letters were certified up to this Court as a part of the record in the case.

The defendant urges that, under the provisions of 12 V.S.A. §2385, it became mandatory on the part of the court below to reduce to writing the facts as found, unless waived by all parties. It is claimed that the failure of the trial court to sign and file written findings of fact constitutes reversible error.

The above referred to section was enacted by the legislature as paragraph 49 of No. 261 of the Public Acts of 1959 and reads in part as follows:

"2385. Findings of Fact. All facts found by any tribunal in actions or proceedings tried without a jury upon which an appealable judgment, order, decree or determination is rendered, shall be reduced to writing, unless waived by all parties, and shall be signed by a majority of the members of the court or the presiding officer . . ."

Under our former practice in county court, findings of fact were first required in cases tried by court before a bill of exceptions was allowed. 12 V.S.A. §2425. This section, formerly V.S. 47 §2121, was

repealed by No. 261 of the Acts of 1959. Under section 2425, when controversial questions of fact were presented by the pleadings in a case tried by the court, it became the duty of the court to find and state the facts. *Wright* v. *Burbee,* 112 Vt. 197, 199, 22 A.2d 494; *Hooper* v. *Kennedy,* 100 Vt. 376, 379, 138 Atl. 778. Although section 2425 applied in terms to county court, the same duty was imposed upon a municipal court by virtue of V.S. 47, §1439, now 4 V.S.A. §430. *Wright* v. *Burbee, supra,* 199; *Levin* v. *Rouille,* 110 Vt. 126, 130, 2 A.2d 196; *Falzarano* v. *Demasso,* 98 Vt. 209, 214, 126 Atl. 394.

With 12 V.S.A. §2425 and the above cases in mind, the apparent requirement for findings of fact was to bring forward to an appellate court the facts in issue. In referring to the requirement for findings of fact, unless waived by the parties, this view is supported by the language of the new statute, 12 V.S.A. §2385, wherein it is stated: "other or different facts at issue, shall not be considered by the reviewing court on appeal, except in connection with the admission or rejection of evidence."

The trial court was in error in concluding that findings of fact were waived by the defendant for the reasons stated by the judge. It thereby becomes manifest in this case that the court's failure to make findings of fact as required by 12 V.S.A. §2385, before entry of judgment, was in conflict with this statute. The judgment was premature.

During the course of the trial the defendant made claim that the table did not conform to the size ordered, followed by the court's comment, "You are entitled to another leaf." Counsel for the plaintiff then made the statement, "We will get another leaf and see that Mr. Norton gets it." At the conclusion of the trial the court then remarked that plaintiff was to have judgment for $268.00 plus interest and costs. No reference to the table leaf was then made, nor later mentioned in the judgment order of February 15, 1962. By reason of the comments relating to the leaf the defendant makes claim that the judgment was conditional and void. True it is that, as a general rule, a judgment must not be conditioned on any contingency, nor in the alternative. 49 C.J.S. Judgments, §§73 and 74, pages 192 and 193. The most that can be inferred from the foregoing comments was a suggestion made by the court, followed by a promise made by the plaintiff to deliver the table leaf. Here, the judgment order was un-

qualified and definite in its nature, and without conditions expressed therein. The defendant's claim on this point is without merit.

Under 4 V.S.A. §430 a municipal court has the same power over its judgments, records and proceedings as is now vested in the county courts. This permits us to state that the defendant, at least in the first instance, might well have resorted to other remedies in the court below before appealing here. However, by virtue of the briefs of the parties, and arguments made in support thereof, the effect of the court's failure to make findings of fact is squarely presented for review. We therefore consider it proper that an appropriate entry be made here.

*Judgment vacated. Cause remanded for findings of fact, and a new judgment order.*