Sunset Cliff v. Vermont Water Resources Board, No. S0187-04 Cncv
(Katz, J., May 17, 2004)


[The text of this Vermont trial court opinion is unofficial. It has been
reformatted from the original. The accuracy of the text and the
accompanying data included in the Vermont trial court opinion database is
not guaranteed.]


STATE OF VERMONT
Chittenden County, ss.:


SUNSET CLIFF

v.

VERMONT WATER RESOURCES BOARD


ENTRY


        This is an attempt by petitioners to appeal an Administrative
Determination by the Vermont Water Resources Board regarding
reclassification of the Sunset Cliffs Wetlands.  They argue that the Board's
refusal to reclassify the property as a higher and more protected class
violates the Board's Rules concerning wetlands and misapprehends the

relevant facts.  The Board seek to dismiss this complaint for lack of jurisdiction.  According to the Board, neither of the two available avenues of appeal, V.R.C.P. 74 and 75, are available to petitioners.

Petitioners, neighbors to the wetland property, originally filed a petition with the Board to reclassify this property from a class III to a class II wetland.  The Board, in accordance with its procedural rules, gave notice of the petition to the general public, conducted open hearings, and compiled information into a factual record of the matter.  It then deliberated and issued an administrative determination declining the petition and reaffirming the property's class III designation.

Petitioners all but concede that V.R.C.P. 74(a) is inapplicable to the present appeal.  That rule allows superior court appeals from the decisions of governmental agencies when the party is entitled to such an appeal by statute.  Here, the petition was filed and decided under Board Rules adopted through 10 V.S.A. § 905.  This statutory section and its sub-chapter offers no such right of appeal.  See 10 V.S.A. ch. 37.  Petitioners contend, however, that the Board's Wetland Rules § 9 suggests another statutory ground in 10 V.S.A. § 1270 for the appeal.  See Vt. Wetland Rules § 9 (adopted Dec. 10, 2001), available at http://www.state.vt.us/wtrboard/wet/ wetrule2002. pdf.

Petitioners' argument has two flaws.  First, the text of Wetland Rules § 9 does not grant appellate powers to petitioners.  Rather, it states that "[a]ny act or decision of the Secretary under these rules may be appealed within 30 days to the Board . . . .  Any final decision of the Board on an appeal may be appealed as provided for in 10 V.S.A. Section 1270."  Id. This means that appeals to the Board from acts or decisions from the Secretary of the Agency of Natural Resources are covered by the appellate

power of § 1270.  As a petition directly to the Board, petitioners' claims were not an appeal from the Secretary and thus do not fit the category created by § 9.

Even if we were to ignore § 9, the second flaw in petitioners' argument is that the statutory authority  of § 1270 is sharply limited.  10 V.S.A. § 1270  The section explicitly states that the right to appeal is limited to claims or decisions pursuant to the subchapter on water pollution control.  10 V.S.A. § 1270; see generally 10 V.S.A. ch. 47.  As the Board correctly notes, petitioners' claims are unrelated to this subchapter and are, therefore, outside the range of appeals entitled by § 1270.  Thus, even if the Board's rules somehow stated that all potential appeals were enabled through § 1270, such appeals could not be allowed since an administrative rule cannot expand beyond its statutory authority.  See, e.g., Interstate Commerce Comm'n v. Am. Trucking Ass'n, 467 U.S. 354 (1984) (determining whether an ambiguous delegation empowered the ICC to set tariff rates); Youngstown Sheet and Tube Co. v. Sawyer, 343 U.S. 579, 593 (1952) (Jackson, J., concurring) (discussing the continuum along which executive powers ebb and flow depending on legislative authority).

Petitioners argue that if they cannot appeal the Board's determination through Rule 74, then they should be permitted to appeal through Rule 75.  This rule provides appellate review for:
      1) any action by an agency of the state, including the Board,
      2) that is not appealable under Rule 74,
      3) if such a review is otherwise available by law.
V.R.C.P. 75(a).  Parties agree that petitioners' appeal meets the first two prongs of Rule 75.  The Board is an agency of the state, and its determination may be considered an action.  Also, as discussed before, the lack of entitling language in 10 V.S.A. ch. 37, makes Rule 74 inapplicable.

This lack of statutory authority, however, raises the question of whether there is another source of law to satisfy the third prong of Rule 75(a) and establish jurisdiction for our review.

Since there is no other ready source of statutory authority, we will turn to a more general source of law. As the Reporter's Notes to Rule 75 explains, the third prong of Rule 75 allows for review that "is available as a matter of general law by proceedings in the nature of certiorari, mandamus, or prohibition." Id. at rep.n.; see also Vermont State Employees' Ass'n v. Vermont Crim. Justice Training Council, 167 Vt. 191, 195 (1997). Of these ancient writs, certiorari is arguably the only one that would apply here because the review does not involve a public officer performing a simple duty (mandamus); a lower court exceeding its jurisdiction (prohibition); a dormant judgment (scire facias); or the authority of a claim for public office (quo warranto). See V.R.C.P. 81(b) (listing ancient writs); Vermont State Employees', 167 Vt. at 195 (mandamus); Petition of Green Mountain Post No. 1, 116 Vt. 256, 258 (1950) (prohibition); Mason v. Carr, 118 Vt. 467 (1955) ( scire facias); Burke v. Beecher, 101 Vt. 441 (1929) (quo warranto).

The writ of certiorari is not a general review of a lower court or tribunal but a limited review of "substantial questions of law affecting the merits of the case." Burroughs v. West Windsor Bd. of Sch. Dirs., 141 Vt. 234, 237 (1982). In its most popular surviving form, certiorari serves as a mechanism for the United States Supreme Court to limit its jurisdiction over appeals. Sup. Ct. R. 10–16. While our use of certiorari does not invoke the same discretionary nature of the Supreme Court, the comparison does capture the limitations to this right. For example, in Vermont certiorari has been limited in the context of administrative action to quasi-judicial acts. Richards v. Town of Norwich, 169 Vt. 44, 47 (1999); see also Rhodes v. Town of Woodstock, 132 Vt. 323, 325 (1974).. Here the Board

argues that the petition to re-classify the Sunset Cliff Wetland was a legislative rather than adjudicative action. To this end, they cite to the Vermont Supreme Court's decision in <u>Appeal of Stratton Corporation</u>, 157 Vt. 436 (1991). There the court analyzed whether a petition to the Water Resources Board to re-classify a stream was in essence adjudicatory or legislative. It used three factors to distinguish the two types of actions. <u>Id</u>. at 443 (citing 1 C. Koch, <u>Adminstrative Law & Practice</u> § 2.3, at 61–62 (1985)). The first is whether the inquiry done by the Board is of a generalized or individualized nature. <u>Id</u>. The second is whether the inquiry focuses on resolving a policy type question or a factual dispute. <u>Id</u>. And the third is whether the result is prospective applicability—as opposed to retrospective in effect. <u>Id</u>.

Applying these criteria to the Board's determination, the Court easily concluded that the legislative nature of the hearings, the policy nature of the Board's decision, and its future effect made the process policy-based rulemaking. <u>Id</u>. at 443–45. In this case, the Board argues that the re-classification petition of Sunset Cliff was the same type of rulemaking. We agree. Like in <u>Stratton</u>, the Board used a broad ten-factor analysis to weigh the policy implications to the community of re-classifying the wetlands. They conducted open hearings and held comment period where the public was free to weigh in on the petition. And finally, their determination has a future effect on the wetland and the community. This process contrasts sharply with the private nature of adjudication where the Board would have dealt with limited parties and scope of criteria, adversarial based-hearings and records, and focused on prior incidents. Cf. <u>Richards</u>, 169 Vt. at 45–47.

By concluding that the Board's determination was legislative in nature rather than quasi-judicial, it follows that an appeal through the right

embodied by certiorari cannot be established. This means that jurisdiction does not adhere to petitioners' claims. Petitioners argue in response that if the Board's determination is to be considered rulemaking, they have a right to appeal through a declaratory judgment under the Administrative Procedures Act. 3 V.S.A. § 807. They argue that this right is supported by the initial reasoning in <u>Stratton</u> where the Court noted that the burden on the Stratton Corporation in either an appeal or a declaratory challenge was the same and really came down to a question of venue and scope of the factual record. <u>Stratton</u>, 157 Vt. at 440.

While declaratory judgments on administrative rulings are the venue of Washington Superior Court, the right to such a challenge is premised on the petitioners' legal rights or privileges affected by the administrative determination. 3 V.S.A. § 807. Petitioners fail to state which, if any, of their legal rights or privileges have been interfered with as a result of the Board's determination. Their situation is analogous to the Stratton Corporation in that their primary connection to the Board's determination is as neighbors to the area affected, which may result in a greater, impact down the line.[1] But, proximity or disproportionate impact by a decision does not necessarily trigger a right or privilege or recourse to § 807. As the Court in <u>Stratton</u> wrote, "Stratton's interest may be different from that of other members of the public, but it has no right to turn a public issue into a private contest." <u>Id</u>. at 445. To the extent that petitioners's rights and privileges are threatened by the re-classification, they are not subject to declaratory judgments but rather they are subject to the only method for

---

[1]Unlike petitioners, the Stratton Corporation did at least identify a potential conflict with re-classification and their proposed golf course development. <u>Id</u>. at 439. The Court, however, concluded that these concerns were speculative. <u>Id</u>. at 444.

protecting such rights in a complex society, through the power of citizens over legislative bodies.  Id. (quoting Bi-Metallic Investment Co. v. State Bd. of Equalization, 239 U.S. 441, 445 (1915)).  Thus, petitioners' claim to a declaratory judgment under § 807 is unfounded and unavailable.

Based on the foregoing, plaintiff's complaint is dismissed.

Dated at Burlington, Vermont_____, 2004.

_____
Judge