ANDREW ABELLS

*against*

JOHN CHIPMAN, Esquire,

Sheriff of Addison County.

TRESPASS on the case, for an escape.

The declaration sets forth, that the plaintiff, on the 10th day of *July*, 1795, purchased out his writ of attachment against one *Benjamin Barnes*, returnable before *Roswell Hopkins*, Esquire, one of the Justices of the Peace within and for said County, on the 18th of said *July*. That he committed this writ to *Azariah Painter*, the sheriff's deputy, who arrested the body of *Barnes*, and took one *Risden* as bail. That on the day of the Court, in open Court, *Risden* delivered up his principal. That the sheriff's deputy, *Painter*, being present, the Justice commanded *Barnes* into his custody, but that *Painter* refused to take charge of him, whereby he escaped and went at large. That judgment in the Justice's Court was rendered for the plaintiff; defendant appealed, and plaintiff recovered a final judgment at the County Court for the sum of 7*l.* 2*s.* lawful money, damages, and 8*l.* 2*s.* 9*d.* lawful money, costs of suit. That within thirty days from the rendering of the final judgment, he purchased out his writ of execution against *Benjamin Barnes*, and delivered it to the same sheriff's deputy, who in due time returned it *non est*. Profert made of the records of the several Courts, and an averment that the plaintiff hath totally lost his debt by the escape.

Plea not guilty, and issue to the Jury.

Upon the surrender of the principal by his bail on mesne process in a Justice's Court, the magistrate can order him into the custody of some proper officer. If there be none such present, he can appoint one, who may detain him upon the parol order of the magistrate, whilst the Justice's Court continues open, but the officer cannot justify detaining his prisoner one moment after the Court is adjourned, with or without day, unless he has a mittimus from the Justice.

It appeared from the records of the Justice's Court, that on the original writ the following return was indorsed :

Date.

Then, in obedience to this precept, I arrested the body of the within named *Benjamin Barnes*, and accepted *Onesiphorus Risden* as bail for his appearance at Court, and caused him to indorse his name on the writ.

*Azariah Painter*, Sheriff's Deputy.

It also appeared, that *Risden* delivered up *Barnes*, in open Court; that the Justice directed *Azariah Painter*, then present, to take charge of him.

The other allegations in the declaration were conceded.

The single point made in the defence was, that after rendering the principal into Court, and his commitment by order of the Justice to the custody of the officer, he was not obliged by law to keep or commit him to gaol without a mittimus from the Justice.

To this it was replied, that no mittimus was made out, because the officer repeatedly refused to take *Barnes* into custody.

The plaintiff offered to prove this by parol testimony.

*Sed per Curiam.* It cannot be admitted. The officer's refusal is *dehors* the record, which merely shews that the Justice ordered *Barnes* into custody. Indeed this circumstance, if it existed, would have

been very improperly attached to the record.  When
a magistrate of this State commands a proper officer
to do a legal duty, his consent is to be presumed.

The cause now went to the Jury, upon the speci-
fications of the record.

The Court, in their charge to the Jury, observed,
that they had no doubt but that, upon the surrender
of the principal · by bail on mesne process in a Jus-
tice's Court, the Justice had power to order him for
the time being into the custody of a proper officer.

The statute provides, " that where no proper offi-
cer shall attend any Justice's Court, and it is neces-
sary there should be some officer for the due exer-
cise of his or their respective jurisdictions, such Jus-
tice or Justices shall have power to appoint some
proper person to fill the place of such proper officer."

*Vermont* Stat.
vol. 1. p. 179.

Here a proper officer, the defendant's deputy, was
present.

But this power in the Justice to order into custo-
dy, and in the officer to hold his prisoner without
written precept, can operate only while his Court is
in session.

*This* Court possess no *such* plenitude of power as
to imprison a person beyond the limits of their ses-
sion.

In cases where the surety on mesne process sur-
renders his principal in a Justice's Court, it is the
duty of the Justice to order the person surrendered
into the custody of a proper officer, if there be one
present; if not, he is to appoint some suitable person
to fill the place of such proper officer, and order him

into his custody. If judgment final be rendered for the plaintiff, he should make out his writ of execution before the rising of his Court, that the defendant may be charged with it. But in cases where the cause is continued to an adjourned session of the Justice's Court, or where an appeal is taken to the County Court, the Justice should, before he adjourns his Court, make out and deliver to a proper officer a mittimus in due form, stating therein the grounds of issuing it, and commanding, in and by the authority of the State, such officer to commit the prisoner to the common gaol of the County, and likewise commanding the keeper of the prison to receive and him safely keep within said prison, until he shall be liberated by due course of law ; and of these proceedings the Justice should make record.

If this be omitted, the officer cannot one moment after the rising of the Justice's Court be justified in holding his prisoner, and therefore cannot be chargeable with his escape.

Verdict for the defendant, and his costs.

*Samuel Miller* and *Josias Smith*, for plaintiff.
*Amos Marsh* and *Daniel Chipman*, for defendant.