PETER CHASE, appellant, *v.* JOEL HOLTON, appellee.

WINDHAM,
*February,*
1839.

The defendant in scire facias, as bail on a writ returnable before a justice, pleaded that, after default in that action, the debtor applied to be admitted to the poor debtor's oath, whereupon, the justice continued the case, for a hearing on that application, four days, when, on hearing, he decided that said debtor could not be admitted to said oath, and at that time the present defendant surrendered said debtor to said justice, in discharge of his bail, of which the plaintiff then had notice. This plea was traversed by the plaintiff. *Held*—that on such issue the defendant might prove such surrender by parol, and that such surrender discharged the bail.

After verdict for the defendant on such issue, the court will not sustain a motion by the plaintiff for a judgment, notwithstanding the verdict, as the plea was not *immaterial* but presented an *equitable* defence.

*Quære*—Whether it was not also a *legal* defence ?

THIS was a scire facias, commenced before a justice and appealed to the county court. It was against the defendant, as bail of one Heaton, on a writ returnable before the justice, alleging that judgment was rendered against Heaton, on the 22d day of May. The defendant pleaded *nul tiel record,* and, on inspection of the record, it appeared that Heaton was defaulted on the 22d day of May, and applied to be admitted to the poor debtor's oath;—that the justice continued the hearing, on that application, until May 26, when, on hearing, he decided that Heaton was not entitled to the oath, and added the plaintiff's cost of that hearing to his former cost.—On inspection of the record, the county court rendered judgment that there was such a record, as the plaintiff alleged.

The defendant also pleaded that, after default in the action before said justice, the said Heaton applied to be admitted to the poor debtor's oath, and that thereupon the justice continued the hearing upon said application to the 26th day of the same May, on which day the defendant, in presence of the plaintiff, and in open court, did surrender the said Heaton to the said justice, in discharge of him, the defendant, as bail of said Heaton, of which surrender the plaintiff then and there had notice.

This plea was traversed by the plaintiff, and on the trial of that issue, the defendant offered to prove, by parol, the surrender of Heaton as stated in the plea. This was objected to by the plaintiff, but was permitted by the court, and to this the plaintiff excepted. After a verdict for the defend-

ant on that issue, the plaintiff moved for a judgment, notwithstanding said verdict, which was overruled by the court, and judgment was rendered for the defendant; and to this, also, the plaintiff excepted.

*Smith & Roberts*, for plaintiff.

I. The judgment of the court upon the plea of *nul tiel record* is conclusive against the defendant. By the record it appeared that the judgment was rendered by the justice on the 22d of May, and not on the 26th, and a judgment by default is a *final* judgment, and the issue upon the plea of a surrender of the principal, at a subsequent day, was an immaterial issue, and the plaintiff is entitled to a judgment, notwithstanding the verdict.

II. The mode of surrendering a principal in discharge of bail is, in this state, wholly regulated by statute, and the defendant did not pursue that mode.

III. Parol evidence of the surrender of the principal is inadmissible. That fact is proper matter of record, and the record is the only evidence of the fact. 1 Swift's Dig. 596.

*R. M. Field*, for defendant.

I. The surrender was pleaded and denied as matter *in pais*, and the plaintiff himself put the issue to the jury. The court were bound to admit evidence *in pais*, for that was all the jury could try. If the plaintiff meant to insist on a trial by the record, he should have demurred to the plea.

2. A surrender need not appear of record.

The obligation of bail is not an obligation of record. It is merely an undertaking to the sheriff to have the principal in court. The performance of this contract may as well be proved by parol as that of any other contract.

The English formalities of surrender are of no application here. There they depend on particular rules of the courts, and arise principally out of the surrender being always made to a judge at chambers in the absence of the plaintiff.

See a case, however, (1 Bing. R. 164,) where the court of common pleas held that an offer to surrender, dispensed with by plaintiff, was a discharge of bail. Theobald's Princ. & Surety, 159.

II. As to the motion for judgment, *non obstante.*

1. The motion for a judgment, *non obstante veredicto*, is improper. If the surrender were out of time and insuffi-

cient, the court could only award a repleader.  See the distinction, 1 Chitt. Pl. 695.

2. But the surrender was in time.  1 Comp. Stat. 66.  2 do. 23.

" Final judgment" means that judgment on which execution can issue.  *Sweet* v. *Sullivan*, 7 Mass. R. 342.

The opinion of the court was delivered by

COLLAMER, J.—It is not now necessary to inquire whether a surrender of a principal in court, in discharge of his bail, must not always be entered of record.   Of this there may be much doubt, as no such proceeding existed at common law, no such practice in England, and no statute requiring it.   In the present case, the plea contains no such allegation, and it is not demurred to for want thereof.   The plea was traversed, and the surrender became a matter *in pais* to the jury, and no testimony, which tended to show the fact, could be rejected.   *Barney* v. *Bliss*, 2 Aik. R. 60.

As to the plaintiff's motion for a judgment, *non obstante veredicto*, it is insisted that the plea is insufficient, because it shows a surrender of the principal after the justice's power to receive him had expired.   By the statute, (vol. 2, p. 23,) the justice, rendering final judgment, may continue such suit for further hearing, on the defendant's application to take the oath, not exceeding twelve days, and, if the debtor is not admitted to the oath, is to add the cost to the previous judgment. Now, in such cases, is the action so open, and the justice so holding jurisdiction over it, after the day on which judgment was rendered,as that the principal may be surrendered?   The statute does, indeed, treat the judgment as previous, but clearly it keeps it suspended, and the court is still open.   No execution can issue.   It seems to be but an enlargement of the court day ; and we see no reason, when continued for further hearing, why it should not be treated in the same way as if all was going on the same day.   The justice may take the surrender as well on the continuance day as the court day.  This is much the best practical course.   It is not until the final hearing on the defendant's application that it can be known that he will be chargeable in execution, nor can the plaintiff charge him in execution until that time.

It is next insisted that this plea is defective, in not containing an allegation that there was an entry made, on the record, of

WINDHAM,
*February,*
1839.

Chase
*v.*
Holton.

such surrender. It is not necessary to decide whether the plea would, for that, have been holden bad, on demurrer. In order to sustain this motion, after verdict, the plea must not only be defective, but it must have presented only an *immaterial issue*. Where the plea presents an equitable defence it will always be sustained, after verdict. This is clearly the law. In this case the plea shows the debtor surrendered as early as he could be charged in execution, and that the plaintiff had notice thereof, at the time. This is clearly an equitable, even if it were not a legal, defence, and the issue, therefore, was not *immaterial*.

Judgment affirmed.