JOHN A. WORTHEN & SON  v.  JOHN G. PRESCOTT.

*Absconding Debtors.  Recognizance.  Bail.  Scire Facias.*

R. L. ss. 942, 1468, 1478.

1. In assumpsit, where the writ issued under the statute—R. L. s. 1478—as a *capias* against an absconding debtor, the defendant was bail for the debtor, and, on the return day, surrendered him into court, and was discharged. The justice of the peace before whom the case was pending, after a rendition of judgment and a partial hearing as to the debtor's situation and property, continued the case at the debtor's request for a further hearing in this respect and at the same time, took the defendant's recognizance for his appearance; *Held*, (a) That the recognizance was valid; (b) That it was valid although larger than the judgment; (c) That the defendant could surrender the debtor in discharge of himself.

2. The defendant was the same as special bail, or bail above, at common law; and he could at any time or place, without a bail-piece, have apprehended the debtor, even on Sunday, or in his dwelling, or in another jurisdiction. In law he was the debtor's jailer.

Scire Facias on a recognizance. Heard on demurrer to the declaration, December Term, 1886, Orange County, Walker, J., presiding. Demurrer overruled and declaration held sufficient. Affirmed.

It was alleged that the plaintiffs on the 29th day of December, 1885, commenced an action of assumpsit against one Morey; that the writ was made returnable before E. R. Aldrich, a justice of the peace, on the 27th day of February, 1886; that the agent and attorney of the plaintiffs filed with

the justice, before the issuing of the writ, an affidavit, in due form of law, stating that he had good reason to believe, and did believe, that said Morey was about to remove or abscond from the state, and that he had money or other property secreted about his person or elsewhere to an amount exceeding $20 ; that judgment was rendered by the justice in favor of the plaintiffs on said 27th day for the sum of $134.83 damages, and $4.72 costs ; that the original writ was issued against the defendant's goods, chattels, etc., and, for want thereof, against his body, and was served by a constable who arrested the body of said Morey, and that said defendant, Prescott, become bail and surety for his appearance, etc. ; that said Prescott delivered his principal, said Morey, at the time of the trial, into court in discharge of himself, and that he was discharged by the court ; that on said 27th day, after judgment had been rendered, said Morey submitted himself to be examined on oath as to his situation, circumstances, and property, in accordance with the statute ; that, after said Morey had been partially examined before said justice, on application of said Morey, the case was continued to the 8th day of March, 1886, for a further hearing and examination ; that said Prescott became surety before said justice, in the sum of $200, for the personal appearance of said Morey on the continuance day, and in default thereof that he should satisfy said judgment; that said Morey did not appear ; that the justice adjudged that he was not entitled to the poor debtor's oath, and that said bail and recognizance of said Prescott be forfeited in due form of law ; that execution was legally issued and returned by the officer ; that he found neither the body nor estate of said Morey.


*A. M. Dickey*, for the defendant.

The justice had no common-law right to take such recognizance ; all his powers in this respect are statutory ; and the statute confers no such authority.

If s. 1469 applies, then the surety must be upon the original writ. Rev. Laws, s. 1407, provide that a justice may take a recognizance in case of judgment against an absent defendant. *Abells* v. *Chipman*, 1 Tyler, 377.

The statute provides that the officer shall give the bail a bail-piece, and with that the bail may take his principal anywhere and bring him into court; but in this case there is no provision for a bail-piece. This is sufficient to show that the recognizance is not valid. In all other cases the statute makes provision for bail, but none here. *State* v. *Lamoine*, 53 Vt. 568; *Strong* v. *Edgerton*, 22 Vt. 249; 2 U. S. Dig. 220; 35 Vt. 565; 11 Vt. 349.

The justice had no authority to declare the recognizance forfeited. The case had been adjourned before the recognizance was entered into. *Converse* v. *Washburne*, 43 Vt. 129.

The recognizance was void because taken larger than the judgment. 3 Ga. 128; 2 U. S. Dig. 423; *Washburn* v. *Phelps*, 24 Vt. 506.

*John H. Watson*, for the plaintiffs.

The defendant first became bail by indorsing his name on the back of the writ as provided by Rev. Laws, s. 1461. He then delivered his principal into court in discharge of himself. Rev. Laws, s. 1468. Final judgment was rendered against Morey, and thereupon he submitted himself to be examined on oath "as to his situation." Rev. Laws, s. 1488.

The hearing was properly continued. S. 1489.

The defendant became bail according to the provisions of s. 1489 of the statute. The case was still pending (*Chase* v. *Holton*, 11 Vt. 347), and the bail was properly taken.

The opinion of the court was delivered by

ROWELL, J. This is *scire facias* on a recognizance entered into by the defendant for one Morey before a justice. The declaration is demurred to, which brings in question the validity of the recognizance.

The defendant was bail for Morey on a writ issued as a *capias* against him in an action of assumpsit in favor of the plaintiffs, and on the return day he surrendered his principal into court in discharge of himself, and was discharged. Such proceedings were thereupon had in the case that judgment was rendered against Morey for $139.55, damages and costs; whereupon, and within two hours from the rendition of judgment, Morey submitted himself to be examined as to his situation, circumstances, and property, according to the statute in that behalf, and after a partial hearing on that question, the justice, at Morey's request, continued the case nine days for further hearing, and at the same time took the recognizance in question for $200, conditioned for Morey's personal appearance on the continuance day, and in default thereof, for the payment of the judgment.

The defendant had the right to surrender his principal into court in discharge of himself as he did. R. L. s. 1468; *Abells* v. *Chipman*, 1 Tyler, 377; *Chase* v. *Holton*, 11 Vt. 347. The continuance of the case for further hearing on Morey's application to take the poor-debtors' oath, suspended the judgment and kept the case open and in hand until that question was disposed of, and execution could not issue till then. *Chase* v. *Holton*, 11 Vt. 347. Hence, it was the duty of the court, under section 1469 of the statute, which is unquestionably applicable to justice courts, unless Morey procured bail for his appearance on the continuance day, to order him committed to jail, that he might be had if needed to be taken on execution. And although the statute says that such commitment shall be *deemed* to be a commitment on the original writ, yet it is not so in fact, but only in legal effect, for the original writ is returned into court, and cannot be taken for the purpose of commitment; but the court, if the commitment is to be beyond its then present session certainly, must issue a mittimus, upon which the commitment must be made. This is the course pointed out in 1 Tyler, 377, for a justice to

pursue. From all which it follows that bail like this is not literally taken on the original writ, as the defendant claims it must be; but as the commitment is deemed to be on the writ, the obligation of the bail should be, and in this case by the condition of the recognizance is made to be, co-extensive with that of bail on the writ.

It is strongly urged as a reason why the justice had no power under the statute to take this recognizance, that there is no provision for issuing a bail-piece in such a case, so that the bail is powerless to bring in the principal. But the bail here is the same as special bail, or bail above or to the action, at common law, and the right of such bail to apprehend their principal is not at all dependent upon their having a bail-piece, which is not process nor in the nature of process, but is only evidence that the surety has become bail. At the common law the bail-piece seems not to have been delivered to the person becoming bail, but it was signed by a judge and filed in the court in which the case was pending.

Lord COKE says that "in truth *baily* is an old Saxon word, and signifieth a safe keeper or protector, and *baile* or *ballium* is safe keeping or protection; and thereupon we say when a man upon surety is delivered out of prison, *traditur in ballium*, he is delivered into bayle, that is, into their safe keeping or protection from prison." Co. Lit. 61*b*. Blackstone derives the word *bail* from the French, *bailler,* to deliver. Some derive it from the Greek, *ballein*, to deliver into hands.

Hence, a defendant who is delivered to special bail is looked upon in the eye of the law as being constantly in their custody. They are regarded as his jailers, and have him always as it were upon a string that they may pull at pleasure and surrender him in their own discharge. They may take him on Sunday, which shows that it is not an original taking, but that he is still in custody. Bac. Abr., tit. Bail in Civil Cases; *Pyewell* v. *Stow*, 3 Taunt. 425; *Payne* v. *Spencer*, 6 M. & S. 231.

They have a right to be constantly with the principal, and to enter his dwelling when they please to take him. *Sheers* v. *Brooks*, 2 H. Bl. 120.

Their authority arises more from contract than from the law; and as between the parties neither the jurisdiction of the court nor of the state controls it, and so the bail may take the principal in another jurisdiction or another state, on the ground that a valid contract made in one state is enforceable in another according to the law there. *Nicoll* v. *Ingersoll*, 7 Johns. 145; *Commonwealth* v. *Brickett*, 8 Pick. 138. This shows that the authority need not be exercised by process, but that it inheres in the bail themselves; and they may exercise it personally or depute another to exercise it for them. See the cases last cited, and *Pyewell* v. *Stow*, 3 Taunt. 425; 1 Tidd's Pr. 218.

But it is said that the recognizance, being larger than the judgment, is larger than the law requires, and therefore irregular, and that the bail should be discharged on motion. But the statute does not fix the amount of the recognizance in such cases. The recognizance is conditioned for the payment of the judgment in default of the principal's appearance, and so the liability upon it is limited to the amount of the judgment, though the recognizance be for more. R. L. s. 942.

The judgment of the County Court overruling the demurrer and adjudging the declaration sufficient is affirmed; but as no final judgment was rendered below, the cause is remanded.