2013 VT 50

# Walter Hausermann v. Donna Hausermann

[75 A.3d 608]

No. 12-390

Present: Reiber, C.J., Dooley, Skoglund, Burgess and Robinson, JJ.

Opinion Filed July 12, 2013

*Cynthia L. Broadfoot* of *Broadfoot & Associates*, Burlington, for Plaintiff-Appellee.

*Amy L. Klingler* of *Witten, Woolmington & Campbell, P.C.*, Manchester Center, for Defendant-Appellant.

¶ 1. **Burgess, J.** Wife appeals the court's order modifying spousal maintenance. On appeal, wife argues that the court erred in setting the date for the modification to take effect, and reducing husband's maintenance obligation based on wife's anticipated inheritance even though it had not yet been received and absent a demonstration that it would improve wife's financial circumstances. We reverse and remand.

¶ 2. The parties were divorced in March 2006 after a long-term marriage. At the time of the divorce and continuing to the present, husband has worked as an insurance agent and earned around $200,000 per year. Pursuant to the final divorce order, which was based on a stipulation of the parties, wife was granted spousal maintenance of $6300 per month for fifteen years. In early 2009, husband moved to modify spousal maintenance based largely on his diagnosis of throat cancer and required medical treatment, which affected his ability to work. Wife was living in the Dominican Republic at the time. She was served by publication and did not appear for the hearing. In March 2009, the court found that husband's medical condition and treatments caused a decrease in his income and met the standard for a change in circumstances warranting modification. As a result, the court reduced the spousal maintenance obligation to $3500 per month.

¶ 3. In April 2011, wife filed a motion to reinstate her original maintenance award. She argued that husband had recovered from his illness and that his earnings had increased. Husband cross-moved to terminate spousal maintenance.

¶ 4. The court held a hearing on the motions. At the hearing, wife testified about her living conditions and financial circumstances. Husband testified concerning his earnings and presented testimony from his doctor. Following the hearing, the court issued a written order. The court found that husband had substantially recovered from cancer and that his income stream had returned to typical levels. Husband earned $230,356 in 2010, and $196,888 in 2011. Thus, the court found there was a change in circumstances warranting modification. The court found that wife is currently living well below the standard of living enjoyed during

the marriage. Although she cohabits with a partner, the court found that the partner does not contribute to her living expenses and that the cohabitation did not affect her financial circumstances. Thus, the court found that wife had a continued need for maintenance. The court also found, however, that following wife's brother's recent death she received around $50,000 from a joint bank account, and would likely receive an additional $100,000 from the estate once it was probated. The court found that this money should substitute for a portion of the spousal maintenance. Recognizing that husband's maintenance obligation was set to continue for nine more years, the court averaged $150,000 evenly over the remaining term of the maintenance and set wife's maintenance at $4900 per month from the date of the final judgment.

¶ 5. On appeal, wife first argues that the court erred in setting the effective date for the modified maintenance as the date of the order and not retroactive to the date the motion was filed. The court has discretion to set the effective date of a maintenance award retroactive to the date the motion to amend was filed. See *Towne v. Towne*, 150 Vt. 286, 288, 552 A.2d 404, 406 (1988) (discussing retroactive application of child support modification); see also *Chaker v. Chaker*, 155 Vt. 20, 30, 581 A.2d 737, 742-43 (1990) (applying *Towne* to determine effective date for maintenance award). An abuse of discretion is found only when the court either fails to exercise its discretion or exercises it on clearly untenable grounds. *Towne*, 150 Vt. at 289, 552 A.2d at 406.

¶ 6. Wife contends that the court abused its discretion in failing to adequately explain why it chose the date of the order as the effective date. At the hearing, the parties did not present argument on the question of retroactivity, and the court did not provide an explanation for choosing the date of the order as the effective date. The evidence does not support the court's decision. The sole reason for the prior downward modification was a decline in husband's income, and it was undisputed that at least by the time wife filed her motion to modify, husband's income had returned to a level similar to that experienced at the time of the divorce. At the time of the divorce, husband's income was described as around $200,000 and in 2010 he earned $230,356. Without any explanation for its decision, the court's order making the modification effective as of the date of the final order is

unsupported. Therefore, this matter is remanded for the court to consider the proper effective date for the order.

¶ 7. Next, wife argues that the court erred in considering the money that she was likely to inherit from her brother's estate because the estate was not fully probated and the exact amount she would receive was unknown. In considering a motion to modify, the court must make an assessment of the parties' current situation and has discretion to predict, based on the evidence, the future financial circumstances of the parties. *Mayville v. Mayville*, 2010 VT 94, ¶ 23, 189 Vt. 1, 12 A.3d 500. While the exact amount wife would receive from her brother's estate was unknown, her interest in his estate was more than a mere expectancy. It was certain wife would receive something from her brother's estate, and it was within the court's discretion to make a determination of how much. Based on the uncontroverted evidence that the estate was in probate and valued at $400,000 before liquidation of its assets and that wife anticipated a one-quarter share, the court did not err in finding that wife would likely inherit an additional $100,000 from her brother's estate.

¶ 8. Nonetheless, we agree with wife that the court erred in reducing her maintenance award based on the inheritance without a showing of how this money would change her need for maintenance. Although a "significant change in the finances of either spouse can warrant modification," an obligee's maintenance will not be automatically reduced "merely because of that spouse's improved circumstances." *Mayville*, 2010 VT 94, ¶ 18.

¶ 9. Wife's receipt of the inheritance money is relevant only to the extent that it improves her financial circumstances enough to substantially reduce the need for maintenance. See *Miller v. Miller*, 2005 VT 122, ¶ 18, 179 Vt. 147, 892 A.2d 175 (holding that cohabitation can reduce recipient spouse's maintenance award only upon demonstration that cohabitation improves that spouse's financial circumstances enough to substantially reduce need for maintenance). This is because maintenance is designed to correct inequalities in the parties' income and to equalize the standard of living of the parties. *Gravel v. Gravel*, 2009 VT 77, ¶ 24, 186 Vt. 250, 980 A.2d 242; see 15 V.S.A. § 752(a) (maintenance appropriate when one spouse lacks income to provide for reasonable needs and does not have employment necessary to maintain standard of living enjoyed in marriage). The court's findings do not support

the conclusion that the inheritance will improve wife's circumstances to the extent that wife no longer requires maintenance at the level granted under the final divorce order.

¶ 10. The court found that wife's standard of living is well below that which the parties enjoyed during the marriage. Whereas wife used to have a comfortable upper middle class standard of living, she now rents an apartment, has little discretionary income, lacks many major appliances, and has had periods without phone or internet. The court also found that wife had depleted large amounts of her retirement accounts to pay bills. By comparison, the court found husband has personal income of about $19,000 per month compared to living expenses of $11,000, leaving him with significant disposable income. There is no finding that his lifestyle, after expenses, is compromised.

¶ 11. Wife, on the other hand, while admitting to halving her living expenses by residing in the Dominican Republic, continues to live in reduced circumstances. While the $150,000 inheritance will improve wife's financial situation, the court's findings do not demonstrate that this money will allow wife to achieve the same standard of living as enjoyed during the marriage. Her standard of living will remain below husband's comparative standard and husband has the ability to pay.

¶ 12. Moreover, whether the original maintenance award was compensatory is relevant to the determination. See *Stickney v. Stickney*, 170 Vt. 547, 549, 742 A.2d 1228, 1231 (1999) (mem.) (describing purpose of compensatory maintenance). When maintenance is compensatory "there is a limit to the extent that changes in financial circumstance can support downward modification." *Meyncke v. Meyncke*, 2009 VT 84, ¶¶ 13-14, 186 Vt. 571, 980 A.2d 799 (mem.) (affirming denial of husband's request to reduce wife's compensatory maintenance and trial court's rejection as irrelevant of husband's proffered evidence that wife could live "comfortably on a reduced maintenance award" (quotation marks omitted)).

¶ 13. In sum, the evidence supports the court's findings that husband's increase in income was a change of circumstances warranting reinstatement of the original maintenance amount. There are insufficient findings to demonstrate, however, that wife's receipt of an inheritance from her brother's estate improved her financial situation sufficiently to warrant further modifying her maintenance amount. Therefore, the matter is remanded to the

trial court to consider the effect of the inheritance on wife's standard of living.

*Reversed and remanded.*