VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org

Case No.     23-AP-288



*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.*

## ENTRY ORDER

SEPTEMBER TERM,   2023

State of Vermont v. Aaron Labor\*

}  APPEALED FROM:
}  Superior Court, Chittenden Unit,
}  Criminal Division
}  CASE NO. 23-CR-08961
Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Defendant Aaron Labor appeals from orders by the Superior Court, Chittenden Criminal Division, entered on September 14, 2023, imposing conditions of release and holding defendant in custody unless and until he could enter residential treatment for drug rehabilitation. Because there is no legal basis for defendant to be in custody, he is ordered to be released forthwith. In addition, the order imposing conditions of release was made without the necessary finding regarding whether defendant poses a risk of flight from prosecution or presents a risk to public safety. The matter is therefore remanded for the criminal division to hold a hearing as soon as possible.

In September 2023, defendant was charged with false pretenses under 13 V.S.A. § 2002 and for violating conditions of release on a prior charge requiring him to maintain a curfew under 13 V.S.A. § 7559(e). Defendant pleaded not guilty to these charges.

On September 14, 2023, defendant was arraigned. At the arraignment, the court initially imposed $2500 bail but changed course and imposed the following conditions of release: (1) defendant "must come to court when . . . told to," (2) defendant "must give [his] attorney and the court clerk [his] address and phone number," (3) defendant "must engage in rehabilitative treatment within 30 days," (4) defendant must be subject to a twenty-four-hour curfew at a court-approved address, and (5) defendant "must NOT buy, have or use regulated drugs without a prescription."

Because defendant was not presently receiving rehabilitative drug treatment, the court orally ordered him to be held until he could receive such treatment. However, neither the Conditions of Release nor the Mittimus reflect the court's order to immediately place him into custody and to hold him until a treatment bed is secured. Despite the absence of a written order so stating, neither party contests that this is what the trial court verbally ordered or that this is why defendant continues to be held.

In justifying its decision, the court implied that defendant was a flight risk because he had eleven charges pending against him and a parallel history of failing to comply with conditions of release, reasoning that "the more time that a person is exposed to creates a greater flight risk." The court also noted his unemployment, found that he suffers from a "substantial drug problem," and claimed that the "court [ha]s had some success holding people until they go to rehab" rather than "putting them back on the street." The court concluded that defendant was "not held without bail. He's held until he goes to rehab. That's a very different thing." Therefore, the court orally ordered defendant into the custody of the Department of Corrections (DOC).

On appeal, defendant argues the court's decision to hold defendant in jail because he has not yet found a treatment bed for drug rehabilitation—and cannot do anything to leave until he does—is framed as a violation of a condition of release but effectively amounts to defendant being held without bail. Defendant argues, as such, that the court acted without constitutional or statutory authority to hold defendant without bail until he was admitted to treatment. Defendant further claims that the trial court's finding that defendant posed a flight risk is unsupported by the record.

A defendant charged with a criminal offense is entitled to release on conditions pursuant to 13 V.S.A. § 7554, unless an exception applies under § 7553 or § 7553a. Under 13 V.S.A. § 7554(a)(1), the court may impose "the least restrictive combination" of several enumerated conditions upon a determination that release on personal recognizance "will not reasonably mitigate the risk of flight of from prosecution." Under § 7554(a)(2), the court may also impose "the least restrictive combination" of several additional conditions to "reasonably ensure protection of the public." In deciding the conditions of release to impose under § 7554(a)(1) and (2), the court "shall take into account," based on "available information," several considerations, including the nature of the offense, the weight of the evidence, and the defendant's family ties, record of convictions, and record of appearance for court. Id. § 7554(b)(1)-(2). This Court will affirm the order imposing conditions if it is "supported by the proceedings below." 13 V.S.A. § 7556(b); see State v. Rougeau, 2019 VT 18, ¶ 14, 209 Vt. 535. This Court reviews a decision regarding imposition of conditions of release for an abuse of discretion. Rougeau, 2019 VT 18, ¶ 14.

Defendant's first argument concerns the trial court's oral ruling remanding defendant into the custody of the DOC. To order a defendant into DOC custody, it is incumbent on the trial court to "make out and deliver . . . a mittimus in due form, stating therein the grounds of issuing it." Abells v. Chipman, 1 Tyl. 377, 380 (Vt. 1802) (per curiam). As this Court has noted, one of the "essential parts of a mittimus" is "that it be in writing." State v. Shaw, 73 Vt. 149, 163 (1901). "If this [is] omitted," a correctional facility "cannot . . . be justified in holding [a]

2

prisoner." Abells, 1 Tyl. at 380. Although the court issued a mittimus in this case, the court's written order failed to provide why defendant was to be held or how he could be released.

Moreover, the court lacked a legal basis to detain defendant. Defendant was not charged with a crime where a hold without bail order was an option under 13 V.S.A. § 7553 or § 7553a. Even accepting that there was a basis to hold defendant for failure to meet the conditions of release imposed,[1] there was no connection between the conditions imposed and the order remanding defendant into custody. There was no monetary bail imposed. The Conditions of Release order states that defendant "must engage in rehabilitative treatment within 30 days," not that he must immediately engage in residential treatment or be remanded into custody until he can engage in rehabilitative treatment. Thus, the record demonstrates no legal justification for defendant to be presently held in custody, and he is ordered released.

Defendant also challenges the imposition of a twenty-four-hour curfew. As explained above, conditions of release may be imposed where a defendant presents a risk of flight from prosecution or for protection of the public. 13 V.S.A. § 7554(a)(1), (2). A "person charged with a criminal offense" poses a risk of flight if they engage in "any action or behavior . . . undertaken . . . to avoid court proceedings." 13 V.S.A. § 7576(9); see State v. Racicot, No. 23-AP-039, 2023 WL 1818914, *2 (Vt. Feb. 8, 2023) (unpub. mem.).

Here, in determining the issue of flight risk, the trial court implied—without expressly finding—that defendant was a flight risk because "he [i]s continually violating court orders," "[i]s not following court orders," and "is looking at . . . eleven charges . . . [m]ost of which have accrued in the last twelve months and at least three [of which are] felonies," including one charge for violating conditions of release on a prior charge under 13 V.S.A. § 7559(e). At the same time, the court acknowledged defendant has not failed to appear. By reviewing the flight risk issue summarily without ever expressly finding that defendant is a flight risk, the court abused its discretion by failing to exercise it. See Hausermann v. Hausermann, 2013 VT 50, ¶ 5, 194 Vt. 123 (explaining that court abuses its discretion when it fails to exercise its discretion altogether); see also State v. J.S., 2018 VT 49, ¶ 22, 207 Vt. 379 ("A court has abused its discretion if it has failed to exercise its sound discretion." (internal quotations omitted)).[2]

---

[1] There is no need to reach the constitutional or statutory question of whether the court had authority to impose a condition for immediate treatment and then hold defendant for failure to meet that condition. However, we note that a condition requiring alcohol or drug treatment must "take into consideration the defendant's ability to comply" and "the availability of treatment resources." 13 V.S.A. § 7554(a)(1)(C).

[2] Even if the court had properly found that defendant was a flight risk, its cursory analysis relied on inconsistent and impermissible grounds. In its finding, the court emphasized defendant's character, specifically his habitual drug abuse, noting that defendant "has fentanyl sale charges pending, so it's clear to the [c]ourt that he has a substantial drug problem." But as this Court has held, in reversing a trial court's flight risk assessment, "that [a] defendant presents a risk to . . . relapse and use substances . . . is not a risk of flight from prosecution." Racicot, 2023 WL 1818914, *2. Moreover, as the court recognized, defendant "ha[d] show[n] up to most of [his] hearings," again repeating defendant's consistency in "show[ing] up to court." A finding

3

Therefore, the conditions imposed lacked the requisite findings regarding whether they were necessary to mitigate the risk of flight or to protect the public.

The order detaining defendant is reversed, and the case is remanded for further findings as to whether he is a flight risk or danger to the public and, if so, the least-restrictive conditions to be imposed. Defendant is to be immediately released under the written conditions imposed by the criminal division until a hearing can be held. Mandate to issue forthwith.

FOR THE COURT:

_____
Harold E. Eaton, Jr., Associate Justice

---

that defendant has consistently appeared in court leaves the conclusion that he is a flight risk, such that he has attempted to "avoid court proceedings," inconsistent and unsupported, and thus an abuse of the court's discretion. See 13 V.S.A. § 7576(9); Racicot, 2023 WL 1818914, *2.